## H. Bass, Defendant in Error, v. Erie Railroad Company, Plaintiff in Error.

### Gen. No. 20,466.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed December 8, 1915.

### Statement of the Case.

Action by H. Bass, plaintiff, against the Erie Railroad Company, defendant, to recover for goods lost in transportation. To reverse a judgment for plaintiff for $400, defendant prosecutes this writ of error.

In 1911, plaintiff, who was a resident of Passaic, New Jersey, was moving to Chicago, Illinois. The evidence tended to show that the plaintiff took his household goods to the freight depot of the defendant, located in New Jersey, on September 4, 1911. That being Labor Day, no goods were being received. The plaintiff then took them and delivered them to an expressman, to be taken by the latter to the defendant the next day for shipment to Chicago. The defendant and his family left for Chicago on September 4th. The next day the expressman delivered the goods to the railroad company. He paid the freight, $6, received a bill of lading, and mailed the same to the plaintiff in Chicago. The articles were household goods. One item was "11 case contents." All of the goods weighed eight hundred pounds. Stamped on the bill of lading in red ink by the agent in New Jersey was the following:

"For the purpose of enabling the carrier to apply the proper published rate, as explained in its Classification and Tariffs, I hereby declare that the value of the property herein described does not exceed $10.00 per 100, and that in case of loss or damage thereto, I will not assert claim against the carrier on a higher basis of value than $10.00 for each 100 pounds or frac-

tion thereof in weight of the property so lost or damaged.'' (This was signed by plaintiff's agent.)

When the goods arrived in Chicago, plaintiff was notified and he received all of his property except one case of goods, which the plaintiff testified consisted of curtains, silk, embroidery, etc.

W. O. JOHNSON and BULL & JOHNSON, for plaintiff in error; ARTHUR S. LYTTON, of counsel.

BERNARD J. BROWN and IRA FOGEL, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. COMMERCE, § 4*—*what constitutes interstate commerce.* In an action to recover for goods lost by a carrier in transportation from Passaic, New Jersey, to Chicago, Illinois, the refusal of the trial court to hold, as a proposition of law, that the transaction in question was interstate commerce, *held* erroneous.

2. COMMERCE, § 5*—*exclusiveness of power of Congress to regulate interstate commerce.* By the Act of Congress of February 4, 1887, as amended, it was the intention of Congress to take possession of the whole subject of interstate commerce, and to supersede all state regulation with reference thereto, and such act applies to every detail of such commerce.

3. CARRIERS, § 138*—*when schedules of rates filed with Interstate Commerce Commission admissible in evidence.* In an action to recover for goods lost by a carrier in interstate transportation, the exclusion of copies of the schedules of rates filed with the Interstate Commerce Commission *held* error, for the reason that such schedules are expressly made competent by section 18 of the Interstate Commerce Act.

4. APPEAL AND ERROR, § 1173*—*when defense not presented to trial court not considered on appeal.* In an action without a jury to recover for goods lost in interstate transportation, defendant is precluded from relying in defense upon the fact that suit was not commenced within the time required by its schedules of rates when such defense was not made in the trial court, as such point cannot be made on review for the first time.

5. CARRIERS, § 165*—*when provision in bill of lading limiting liability valid.* An agreement in a bill of lading for interstate trans-

portation which limits the liability of the carrier in case of loss to $10 per hundred weight of the goods transported under the bill of lading is valid.

---

### The People of the State of Illinois, Defendant in Error, v. Western Electric Company, Plaintiff in Error.

### Gen. No. 20,736.    (Not to be reported in full.)

Error to the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed. Opinion filed December 8, 1915.

### Statement of the Case.

Prosecution by the People of the State of Illinois against the Western Electric Company, a corporation, defendant, by which defendant was charged with violation of Hurd's Rev. St., ch. 120, sec. 24 (J. & A. ¶ 9238) in that it failed, refused and neglected to make out and file a statement of its personal property as required by such statute. To reverse a judgment of conviction imposing a fine of one hundred and fifty dollars, defendant prosecutes this writ of error.

HOLT, CUTTING & SIDLEY, for plaintiff in error.

MACLAY HOYNE and HAYDEN N. BELL, for defendant in error; FRANCIS E. HINCKLEY and HENRY A. BERGER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. TAXATION, § 188*—*when Act of 1898 construed as revising assessment procedure.* The Revenue Act of 1898 (J. & A. ¶¶ 9516-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.