## NEW YORK CENTRAL & HUDSON RIVER RAILROAD COMPANY *v.* BEAHAM.

### ERROR TO THE KANSAS CITY COURT OF APPEALS, STATE OF MISSOURI.

No. 118.   Argued November 16, 1916.—Decided December 4, 1916.

When a passenger claims damages from a carrier for the loss of baggage accepted by the carrier for transportation between States, the rights and liabilities of the parties depend upon the Acts of Congress, the agreement of the parties and the common-law principles accepted and enforced by the federal courts.

In such case, the carrier is entitled to the presumption that its business was being rightfully conducted.

Where a stipulation, limiting a carrier's liability for baggage unless its value is stated and an extra charge paid, is printed on the face of a ticket as an ingredient of the ticket contract, and is, in substance, reiterated on a baggage check, one who, purchasing the ticket, employs it at once in checking baggage, receives the check and accepts and uses both ticket and check without objection, may be presumed to have assented to the stipulation, although he did not read it.

As bearing on its baggage liability, an interstate carrier has a right to put in evidence applicable tariff schedules on file with the Interstate Commerce Commission, and to have them duly considered by the court.

In an action over lost baggage, copies of tariff schedules on file with

the Interstate Commerce Commission, certified by its Chairman, and containing clauses limiting baggage liability, were offered by the defendant and received in evidence notwithstanding objection to the mode of certification. Judgment having been rendered on the theory that the limitation could not bind the plaintiff without her assent, the court below, on appeal, though holding such theory erroneous, affirmed the judgment upon the ground that the certification was insufficient and the copies therefore inadmissible. *Held,* that, whether the certification was sufficient or not, it was error to affirm the judgment and thus foreclose the defendant from protecting itself by introducing other evidence on a new trial.

THE case is stated in the opinion.

Mr. *Albert S. Marley,* with whom Mr. *John S. Marley* and Mr. *Robert J. Cary* were on the brief, for plaintiff in error.

Mr. *Justin D. Bowersock,* with whom Mr. *Robert B. Fizzell* was on the briefs, for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of the court.

At its New York City Station, in September, 1910, Miss Beaham purchased of plaintiff in error a first class ticket over its own and connecting lines on the face of which was printed—"Issued by the New York Central & Hudson River Railroad. Good for one passage of the class indicated on coupons attached to Kansas City, Missouri, when stamped and sold by an agent holding written authority as prescribed by law, and presented with coupons attached. Subject to the following Contract: . . . 5. Baggage liability is limited to wearing apparel not to exceed one hundred (100) dollars in value for a whole ticket and fifty (50) dollars for a half ticket unless a greater value is declared by the owner, and excess charge thereon paid at the time of taking passage."

Immediately after purchasing the ticket she presented it at the baggage department; her trunk was received for transportation; and she accepted a check or receipt therefor upon which were the words—"See conditions on back. Value not stated." On the back this was printed—"Notice to Passengers. Baggage consists of a passenger's personal wearing apparel and liability is limited to $100 (except a greater or less amount is provided in tariffs) on full fare ticket, unless a greater value is declared by owner at time of checking and payment is made therefor."

The trunk and contents having been lost she sued plaintiff in error for their full value in the Circuit Court, Jackson County, Missouri. Admitting responsibility for one hundred dollars the company claimed exemption from any larger recovery because of limitations specified in the ticket and impliedly assented to when it was accepted and used; and also because of the same limitations embodied in its tariff schedules filed with the Interstate Commerce Commission.

A jury being waived the cause was tried by the court. Acceptance and use of both ticket and check were shown and nothing in the evidence indicated any purpose to deceive or mislead the purchaser or inability on her part to appreciate the provisions in question; she disclaimed having read them and denied their validity under general principles of law. Counsel for the railroad offered in evidence copies of its tariff schedules on file with the Interstate Commerce Commission, certified by the Chairman of that body. These contained clauses limiting liability for baggage to one hundred dollars unless greater value was declared and paid for; and they were admitted notwithstanding an objection to mode of their authentication.

The Circuit Court held no agreement limiting liability resulted from acceptance and use of ticket and check,

and that, "even if the local and interstate tariffs of excess baggage rates introduced in evidence were filed with the Interstate Commerce Commission of the United States, and properly posted as required by the Interstate Commerce Act, still plaintiff would be entitled to recover the reasonable value of her trunk and the reasonable value of the articles of baggage contained therein, unless she expressly assented to the provisions of said tariffs limiting the liability of the defendant to $100 for loss of baggage unless a greater value should be declared and paid for." A judgment for $1771.52 was affirmed by the Kansas City Court of Appeals. It held that *Boston and Maine Railroad* v. *Hooker*, 233 U. S. 97, would necessitate a reversal but for the fact that the record contained no competent evidence to show a schedule on file with the Commission specifying liability for baggage; "the Federal statute provides that copies of tariff rates on file with that commission, shall be received in evidence, if certified by the Secretary, under the seal of the commission," and certification by the Chairman is insufficient. It therefore wholly disregarded the copies in the record and treated the cause as though they had not been introduced.

The transactions in question related to interstate commerce; consequent rights and liabilities depend upon acts of Congress, agreement between the parties, and common law principles accepted and enforced in federal courts. And the carrier is entitled to the presumption that its business is being conducted lawfully. *Southern Express Company* v. *Byers*, 240 U. S. 612, 614; *Cincinnati, New Orleans & Texas Pacific Railway Co.* v. *Rankin*, 241 U. S. 319, 326.

In the circumstances disclosed, acceptance and use of the ticket sufficed to establish an agreement *prima facie* valid which limited the carrier's liability. Mere failure by the passenger to read matter plainly placed before her

could not overcome the presumption of assent. *Railroad Company* v. *Fraloff*, 100 U. S. 24, 27; *The Kensington*, 183 U. S. 263; *Phineas Fonseca* v. *Cunard Steamship Co.*, 153 Massachusetts, 553.

In order to determine the liability assumed for baggage it was proper to consider applicable tariff schedules on file with the Interstate Commerce Commission; and the carrier had a federal right not only to a fair opportunity to put these in evidence but also that when before the court they should be given due consideration. *Southern Express Company* v. *Byers*, 240 U. S. 614; *Kansas City Southern Railway Co.* v. *Jones*, 241 U. S. 181. After their admission in evidence by the trial court the schedules could not be disregarded arbitrarily without denying the railroad's federal right; and we think they were so treated by the Court of Appeals. We are cited to no decision of the Supreme Court of Missouri recognizing any settled rule of practice there which required such action and the unjust consequences of it are apparent. Assuming, without deciding, the correctness of its opinion that the schedules as certified were inadmissible and improperly received, nevertheless the court should not have destroyed the carrier's opportunity to protect itself by introducing other evidence upon a new trial.

Reverse and remand for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE PITNEY dissents.