## 10084

### TRIBBLE v. SOUTHERN EXPRESS CO.

(96 S. E. 712.)

1. CARRIERS — CARRIAGE OF GOODS — ACCEPTANCE OF RECEIPT—EFFECT.— Where jeweler, returning diamonds to company which had submitted them for inspection, filled in receipt of express company, excepting rate and agent's signature, agent inserting rate, signing receipt, delivering it, and receiving package, acceptance of receipt by jeweler made its provisions binding upon him.

2. CARRIERS—CARRIAGE . OF GOODS—LIMITING LIABILITY.—Where express company's receipt stated that, if value was more than $50, etc., it must be stated in writing, and excess charges paid, contract for shipment, made by acceptance of receipt, was for limited liability within law, and recovery against company must be limited.

3. EVIDENCE—PRESUMPTION—COMPLIANCE WITH LAW.—In action against express company for loss of diamonds, it must be presumed company was conducting its business according to acts of Congress regulating interstate commerce.

4. EVIDENCE—PRESUMPTION—CERTIFICATE OF OFFICIAL.—In action against express company for loss of diamonds, in absence of contrary evidence, Court must presume from certificate of secretary of Interstate Commerce Commission that company's tariff was legally in effect.

5. CARRIERS—CARRIAGE OF GOODS—LIABILITY FOR LOSS—INTERSTATE COMMERCE—STATUTE.—Under Act Congress March 4, 1915, where diamonds were shipped by express, wrapped to conceal them from view, and carrier was not notified of character of goods, it was not liable for loss beyond amount stated as value by shipper, by acceptance of a receipt limiting value and by obtaining a corresponding rate.

Before BOWMAN, J., Anderson, Fall term, 1917. Reversed.

Action by Sam Orr Tribble against the Southern Express Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Bonham, Watkins & Allen,* for appellants, cite: *As to the terms of the contract for the shipment of the package, the value of which is sought to be recovered:* Am. St. Rep. 88, p. 80; 26 S. C. 96; 39 S. C. 63; Am. St. Rep. 105, p. 965; 44 Am. St. Rep. (Vermont) 855; (N. Y.) Am. Dec. 32, p. 506 (note); (N. Y.) 10 Am. Rep. 575; Elliott

on Contracts, par. 3208, vol. IV; 244 U. S. 65. *As to the effect of the classification and tariffs of the Interstate Commerce Commission:* 226 U. S. 491; Fed. Stats. Annotated, vol. III, p. 809, *et seq.;* Fed. Stats., Annotated Supplement 1909, p. 273, *et seq.;* Public No. 325, 63d Congress S. 4522; Public 183, 64th Congress S. 3069. *Was the delivery to the carrier of the package in question in the manner shown in the evidence a fraud upon the carrier:* 12 I. C. R. 418; 145 U. S. 421; 212 U. S. 227; 236 U. S. 276; 237 Fed. Rep. 780; 227 U. S. 639; 232 U. S. 508.

*Messrs. Watkins & Prince,* for respondent, submit: *That recovery of plaintiff is not limited to an amount less than the actual value of the shipment:* The Carmack Amendment construed in 226 U. S. 491; the Cummins Amendment; Interstate Commerce Commission Reports, vol. XXXIII, p. 696; Cummins Amendment as amended August 9, 1916; 26 Am. & Eng. Ency. of Law 680; 15 Peters 141; 10 L. Ed. 689; 36 Cyc. 128; Potter's Dwarris on Stats. 119; 13 Annual Report Interstate Commerce Commission 1916, p. 30. *Respondent not estopped by acceptance of the receipt delivered to him by defendant:* 16 Cyc. 720. *It is only a valid written agreement which enjoys the rule that parole testimony is inadmissible to contradict or vary its terms:* Jones on Evidence, sec. 434; Greenleaf on Evidence, sec. 275. *But no instrument is so sacred, when tinctured with illegality, as to raise it above the scrutiny of parole testimony:* R. C. L. 1062; Cummins Amendment, approved August 9, 1916; Appendix Extract from report of Interstate Commerce Commission on April 2, 1917, on Express Rates in Case No. 4198.

September 4, 1918.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Plaintiff recovered judgment for the full value ($1,485) of a package of diamonds, pendants and brooches, shipped by him from Anderson, S. C., to W. J. Johnson & Co., at Pittsburgh, Pa., on October 23, 1916, and lost in transit. Defendant invoked the benefit of the act of Congress regulating interstate commerce, alleging that the package was sealed and delivered to defendant without disclosing its contents or value, which were unknown to defendant, except that the value did not exceed $50, as declared in the receipt therefor given by defendant; that according to its published tariff the rate charged for carrying such packages was dependent upon the actual value thereof, and the rate paid (27 cents) applied only to packages not exceeding $50 in value, while the rate, according to actual value, would have been $1.50 more; that it was stipulated in the receipt that the package was accepted as merchandise, and the company should not be liable for things of extraordinary value (*inter alia,* jewelry), unless they were enumerated in the receipt, as the company did not transport such articles, except through its money department. Defendant admitted liability to the extent of $50, and offered to allow judgment for that amount.

The pertinent provisions of the receipt are:

"Received of S. O. Tribble, subject to the classification and tariffs in effect on the date hereof, Pa., value herein stated and warranted by shipper to be —— dollars (see footnote), consigned," etc., "which the company agrees to carry upon the terms and conditions printed on the back hereof, to which the shipper agrees, and, as evidence thereof, accepts and signs this receipt.  ——, For the Company.  ——, Shipper."

The footnote referred to in the body of the receipt reads:

"NOTE.—The company's charge is based upon the character of the property of which its value is an element, and its value must be declared in writing by the shipper unless its

character is otherwise disclosed. When goods are hidden from view by wrapping, boxing or other means, and the company is not notified of the character thereof, the shipper's declaration of value may be made by notation, 'Not exceeding $50.00,' or 'Not exceeding $50.00 or 50 cents per pound, actual weight.'"

On the back of the receipt were these provisions:

"(2) The rate charged for carrying said property is dependent upon the actual value of the property, which must be specifically stated in writing by the shipper, and applies only upon property of an actual value not exceeding fifty dollars for any shipment of 100 pounds or less, or not exceeding fifty cents per pound, actual weight, for any shipment in excess of 100 pounds. If the actual value is greater than fifty dollars for any shipment of 100 pounds or less, or exceeds fifty cents per pound, actual value must be specifically stated in writing by the shipper, and excess charges for such greater value must be paid therefor in accordance with the lawfully published tariffs of the company.

"(3) Said property is accepted as merchandise only, and the company shall not be liable for loss of money, bullion, bonds, coupons, jewelry, precious stones, valuable papers, or other matter of extraordinary value, unless such articles are enumerated in the receipt, as the company does not transport such articles except through its money department."

Plaintiff is a jeweler of five years' experience. He received this jewelry from Johnson & Co. for inspection, and kept one of the articles, and packed and sealed the others to be returned. He had a pad of the company's blank receipts, and filled in one of them, except the rate and the agent's signature, and took it with the package to defendant's office. The agent inserted the rate, signed the receipt, and delivered it to plaintiff, and received the package. Nothing was said by either about the value of the package. Plaintiff knew there was a difference in rates, according to valuation,

and that the rate given him by the agent was the rate on a package without special valuation. He was under the impression that the package had been insured by Johnson & Co., and that defendant would be legally liable for its full value; otherwise, he would have declared a higher value. He subsequently tendered the higher rate, which was declined, and the agent subsequently requested him to sign the receipt, which he declined to do.

The company introduced in evidence its published tariff, which was certified by the secretary of the Interstate Commerce Commission to have been the tariff in effect at the date of the receipt. The provisions of the receipt are in conformity with the tariff so proved.

The Court ruled and charged the jury that, to be binding upon the plaintiff, the receipt must have been signed by him, unless he misled the agent into believing that the value of the package did not exceed $50. This was error.

1, 2    Acceptance of the receipt, under the circumstances stated, was sufficient to make its provisions binding upon plaintiff. *New York Central & Hudson River R. R. Co. v. Beaham,* 242 U. S. 148, 37 Sup. Ct. 43, 61 L. Ed. 210; *American Express Co. v. United States Horse Shoe Co.,* 244 U. S. 58, 37 Sup. Ct. 595, 61 L. Ed. 990. Plaintiff is conclusively presumed to have known the provisions of the tariff. The contract was plainly one for a limited liability within the provisions of the law, and recovery must be limited accordingly.

It only remains to consider plaintiff's contention that the provisions of the act of Congress of August 9, 1916 (39 Stat. 441c, 301), are not applicable, because the tariff had not been filed in strict accordance with the provisions of the act, in that there had been no order of the commission which expressly authorized or required the company to establish and maintain rates dependent upon the value declared in writing by the shipper, or agreed upon in writing as the released value of the property, etc., and that no tariff had

been filed which specifically referred to such an order as authority for it, as required by that act, and that, under the previously existing law, the act of March 4, 1915 (38 Stat. 1196c, 176), defendant is liable for the full value, notwithstanding the limitations of liability contained in the receipt.

We must presume that the company was conducting its business according to the acts of Congress. *New York etc. R. R. Co. v. Beaham, supra.* Besides, the tariff introduced was certified by the secretary of the commission as being the tariff in effect on the date in question. In the absence of any evidence to the contrary, we must presume from the certificate that the tariff was legally in effect. Aside from this, we do not agree with plaintiff that, even if a tariff had not been filed and published in strict accordance with the provisions of the act of August 9, 1916, so as to make the provisions of that act applicable, defendant would be liable under the provisions of the act of March 4, 1915, for the full value of the property; for, while the terms of that act are very sweeping in nullifying stipulations for a limited liability, whether found in the published tariff or in the receipt given by the carrier, there is a proviso that, if the goods are hidden from view by wrapping, etc., and the carrier is not notified as to the character of the goods, the carrier may require the shipper to specifically state in writing the value of the goods, and the carrier shall not be liable beyond the amount so specifically stated, in which case the Interstate Commerce Commission may establish and maintain rates for transportation dependent upon the value of the property shipped as specifically stated in writing by the shipper. We think the shipment in question comes within the terms of this proviso. The goods were hidden from view. The carrier was not notified of their character. By the terms of the receipt, and of the published tariff, the carrier did require the shipper to declare the full value, if it exceeded $50. By accepting a receipt which limited the value to $50, and obtaining a corresponding rate, plaintiff

agreed by necessary implication that the value of the package did not exceed $50. The receipt is susceptible of no other reasonable construction or legal effect.

The judgment of the Circuit Court is reversed, and the case is remanded, with instructions to enter judgment for plaintiff for $50.

Reversed.