10618

KRISTIANSON v. AMERICAN RAILWAY EXPRESS CO.

(115 S. E., 899)

1. COMMERCE—CARMACK AMENDMENT SUPERSEDES STATE LAWS IN SO FAR AS INTERSTATE SHIPMENTS ARE CONCERNED.—The Carmack Amendment (U. S. Comp. St., §§ 8604a, 8604aa) supersedes all State laws and State decisions declaratory of common-law liability in so far as interstate shipments are affected, and substitutes in place thereof the liability of a carrier under the common law as administered by the Federal Courts.

2. CARRIERS—EXPRESS COMPANY MUST COMPLY WITH CARMACK AMENDMENT TO BE ENTITLED TO LIMIT LIABILITY.—The Carmack Amendment (U. S. Comp. St., §§ 8604a, 8604aa) prohibits a limitation of liability except where its provisions are followed, and an express company to show a valid limitation of liability must bring itself within these provisions and amendments thereof by showing that it was expressly required or authorized by the Interstate Commerce Commission to maintain rates dependent on value, and that the value of the property was declared in writing by shipper.

NOTE—On Carmack Amendment as affecting State regulations as to stipulations limiting liability of common carriers for loss of, or damage to goods, see notes 44 L. R. A. (N. S.), 257, and 50 L. R. A. (N. S.), 819.

3. CARRIERS—WHERE NO VALUE DECLARED, AND EXPRESS RECEIPT FOR
   VALUABLE PACKAGE DID NOT LIMIT LIABILITY .PURSUANT TO CAR-
   MACK AMENDMENT, SHIPPER PROPERLY ALLOWED TO RECOVER FULL
   VALUE.—Where a shipper of diamonds by express without the State
   informed the carrier's agent that the package was valuable, but de-
   clared no value in writing, and the receipt therefor did not do so,
   or limit liability pursuant to the Carmack Amendment (U. S. Comp.
   St., §§ 8604a, 8604aa) and the rules of the Interstate Commerce Com-
   mission, the shipper was properly allowed to reiover full value for
   his loss.

Before MENDEL L. SMITH, Special Judge, Sumter.   May,
1920.

Action by Hanna R. Kristianson, doing business as
Krystal Optical Co. against The· American Railway Ex-
press Co.   From directed verdict for plaintiff the defend-
ant appeals.

*Messrs. Robert C. Alston, Blair Foster, Reynolds &
Reynolds* and *Lucian W. McLemore,* for appellant cite:
*Being an interstate shipment the rights and liabilities of
parties must be determined by "the acts of Congress, the
bill of lading and common law principles accepted and en-
forced by the Federal Courts":*   240 U. S., 612; 241 U. S.,
87, 91, 92; 241 U. S., 190; 243 U. S., 592; 105 S. C.,
406; 101 S. C., 436.   *Shipment made in* 1918 *is governed
by Second Cummings Amendment* (39 U. S. Stat. at L.,
441) *amending the Carmack Amendment, previously
amended by first Cummings Amendment:*   38 U. S. Stat.
at L. 1197.   *Purpose of* 2d *Cummings Amendment:
Roberts, Liabilities of Carriers,* Vol. I, p. 561; 10 C. J.,
138.   *Receipt for goods constitutes a contract between the
parties:*   227 U. S., 469; 10 C. J., 140, 192; 111 S. C.,
31, 96 S. E., 712; 226 U. S., 490.   *When an instrument in
writing refers to another instrument for its terms, the one
referred to should be construed in connection with the for-
mer:* , 84 S. C., 148; 65 S. E., 1044; 13 C. J., 530.   *Ship-
per presumed to know rates on file with I. C. C. Roberts,
Federal Liabilities of Carriers,* Vol. 1, page 460; 240 U. S.,

632; 237 U. S., 94; 233 U. S., 97; 227 U. S., 639; 202 U. S., 242; 90 S. C., 495; 111 S. C., 31; 10 C. J., 139. *Receipt even though not signed by shipper but accepted is binding:* 227 U. S., 469.

*Messrs. Jennings & Harby,* for respondent, cite: *Carmack amendment superseded all state laws and decisions declaratory of Common Law liability in so far as Interstate shipments were affected and substituted in place thereof the common-law liability of carriers as defined and administered in the Federal Courts:* 226 U. S., 491; 57 L. Ed., 314. *In Tribble case* (111 S. C., 31) *the shipper was given a uniform express receipt. Tariffs on file with I. C. C. do not control and constitute no valid limitation of liability.* U. S., 15 Co-Op Adv. Opinions, p. 549.

May 10, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for the recovery of the value of a package of diamonds turned over to appellant by respondent consigned to Wendell & Company, New York, on August 20, 1918. The cause was tried, and resulted in a verdict in favor of plaintiffs. After entry of judgment appellant appeals. The appellant's ground of appeal is:

"His Honor erred, it is respectfully submitted, in overruling defendant's motion for a direction of verdict for plaintiff in the sum of $50 and in directing a verdict for plaintiff in the sum of $1,269, whereas he should have granted defendant's motion, because, under the terms of the contract of shipment, the uniform express receipt, and the tariffs and classifications filed and published under the act to regulate commerce (U. S. Comp. St., § 8563 et seq.), the plaintiff was restricted in any recovery to the sum of $50, the declared or agreed value of the property lost."

This exception raises the question as to the construction of the receipt. That receipt is the crucial point in the case. There is no question but that the shipment was interstate. There is no doubt that the Carmack Amendment (U. S. Comp. St., §§ 8604a, 8604aa) superseded all state laws and state decisions declaratory of common-law liability, in so far as interstate shipments were affected, and substituted in place thereof the liability of the carrier under the common law as defined and administered in the Federal Courts. The Supreme Court of the United States has held that the public had notice of the tariffs filed with the Interstate Commerce Commission by express companies, and that contracts limiting common-law liability would be enforced. The act must be construed in relation to the conditions which existed. It was intended to provide a means whereby the carrier, acting under the express authority of the Interstate Commerce Commission, might limit its liability. It prohibits such a limitation except where the provisions of the act are followed, and for the carrier to show a valid limitation of liability it must bring itself within the provisions of the act and amendments thereof, and the express company in the case at bar must show that it was expressly required or authorized by the Interstate Commerce Commission to maintain rates dependent upon value, and that the value of the property was declared in writing by the shipper, or agreed upon in writing as to the released value of the property.

This case is different from *Tribble v. Express Co.,* 111 S. C., 31, 96 S. E., 712. The facts are different.

There a receipt was given, a uniform receipt with its terms and provisions. In this case the shipper was not given a receipt containing the provisions limiting liability. No value was declared in writing by the shipper, or agreed upon in writing as the released value of the property. The evidence shows that shipper called attention to the fact that the package consigned was valuable, and plaintiff was not

asked to declare the value in writing, or to agree in writing as to the released value. The attention of defendant's agent was directed to the package being valuable; attention called to that; possibly that was why it was later some employee of the company converted and took it. The receipt given did not restrict liability; plaintiff could not by reading it ascertain the terms of the shipment and discover the limitation of liability. It declared no value, contained no limitations, and made no reference to any other document. The plaintiff had no notice or knowledge of such a contract when she informed the company that the package was valuable. It was their duty to ascertain its value and protect itself, and conform to rules and regulations of its company, and the rules as authorized or required by the Interstate Commerce Commission.

The appellant's exceptions are overruled, and judgment affirmed.

MR. CHIEF JUSTICE GARY, and MESSRS. JUSTICES FRASER and COTHRAN concur.

MR. JUSTICE COTHRAN: I concur. See *Union P. R. Co. v. Burke*, 255 U. S., 317; 41 Sup. Ct., 283; 65 L. Ed., 656.