VANDERBERG *v.* DETROIT & CLEVELAND NAVIGATION
CO.

1. Carriers—Failure to Deliver Baggage—Special Damages —
Notice.
     In an action for the breach of a contract of carriage of
     baggage, with notice of special damages, where the ques-
     tion of notice to the defendant's agent was in dispute,
     but the question was properly submitted to the jury, a
     verdict in favor of plaintiff was justified.

2. Same—Special Agreement—Erroneous Instruction—Appeal
and Error.
     That the trial judge also instructed the jury that, in order
     to recover, plaintiff must prove that defendant agreed to
     accept the responsibility of delivering the baggage at its
     destination the next day, an instruction not warranted
     by the pleadings and proofs, and more favorable to de-
     fendant than it was entitled to, would not invalidate the
     verdict for plaintiff.

3. Same — Interstate Commerce — Federal Statutes—Instruc-
tion Not Warranted—Harmless Error.
     Where the declaration did not count on said special
     agreement, the Supreme Court, on error, will not con-
     sider defendant's complaint that it violates the provisions
     of the Federal statutes governing the transportation of
     goods in interstate commerce.

4. Same—Evidence—Lost Baggage Check—Oral Testimony.
     In view of the fact that the loss of the baggage check
     turned in to defendant by plaintiff was not sufficiently
     accounted for, a form of check testified to by defendant's
     agent as the kind in use generally under similar circum-
     stances cannot be considered as the form of the check
     delivered to plaintiff.

5. Same — Interstate Commerce—Tariff Not Binding if Not
Filed With Commission.
     Since the tariff rules and regulations of interstate car-
     riers become binding upon passengers only when filed

with the interstate commerce commission, as required by law (U. S. Comp. Stat. 1916, § 8584, subd. 12), a purported copy of same offered in evidence could not obtain probative force and be binding upon plaintiff, in the absence of competent evidence to show that it had been so filed, notwithstanding a carrier is entitled to the presumption that it is conducting its business lawfully.

6. SAME—LIMITATION OF LIABILITY NOT BINDING ON PLAINTIFF IN ABSENCE OF NOTICE—CONTRACTS.

Where it is not claimed that plaintiff's attention was called to a provision in the check and in the tariff schedule limiting defendant's liability by reason of the value of the baggage not having been declared to be more than $100, claimed to be part of the contract of carriage, said limitation is not binding upon plaintiff, in the absence of competent proof of said check and tariff schedule.

Error to Wayne; Webster (Arthur), J. Submitted October 20, 1921. (Docket No. 145.) Decided December 21, 1921.

Assumpsit in justice's court by Estelle Vanderberg against the Detroit & Cleveland Navigation Company for breach of a contract of carriage. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Affirmed.

*Angell, Turner & Dyer* (*Edward G. Kemp*, of counsel), for appellant.

*Samuel G. Thompson*, for appellee.

SHARPE, J. The plaintiff, traveling from Jamestown, New York, to Detroit, on June 30 or July 1, 1919, took passage on one of the defendant's steamers at Buffalo. She claims to have had her trunk with her at the defendant's dock and that it was checked by the baggage man and should have accompanied her on her trip to Detroit, but that, in breach of the con-

tract of carriage, the defendant failed to so deliver it and that she was greatly damaged thereby. The suit was begun in justice's court in Detroit. The plaintiff obtained a judgment, and the case was appealed by defendant to the circuit court. A written declaration was filed in the justice's court, in which plaintiff counted on the breach of the contract to safely care for, convey and make due and proper delivery of the trunk to her in Detroit. During the course of the trial in the circuit court, the plaintiff asked leave to amend her declaration and leave was granted over the objection of the defendant. An amended declaration was not filed, but the statement made by counsel was treated as an amendment. The statement was as follows:

"That on her arrival at Buffalo she had a conference with the agent, the baggage agent of the defendant company, and informed him that the trunk which was checked by them contained all of her wearing apparel and belongings of every sort and description and kind, her implements of trade and tools of her profession, and so forth; and that they were to the value of two thousand dollars; and that she was anxious that the same should be immediately shipped, so that it might reach Detroit on the following day, July 1st; and she informed him then and there that at that time, that she had a position under agreement with a Miss Louise King, as beauty culturist and personal maid, which service she was to begin on the 2d day of July, and for which she was to receive fifty dollars per month compensation, and traveling expenses, hotel expenses, and so forth, and expenses of every sort, description and kind; and that the agent was informed and well knew of the fact that she was to receive this position and that compensation that she was to receive, and that she would lose the position if she did not get her trunk on the said 2d day of July, and her acceptance and obtaining of it was made dependent upon her receiving the trunk."

This amendment was made while a motion of de-

fendant for a directed verdict was pending and as a result of the colloquy between court and counsel. Its purpose was to lay the foundation for a claim for damages other than those which would naturally flow from a breach of the contract of carriage.

It appears that the check placed on the trunk by the baggage man at Buffalo was in some way torn off. When the trunk arrived at Detroit is not clear, but it was not later than July 4th. It was taken back to Buffalo, returned to Detroit on the 6th, again taken to Buffalo, and returned to Detroit on the 8th, when it was delivered to plaintiff. It is her claim that by reason of its nondelivery Miss King, on July 7th, canceled the contract of employment, theretofore made with her, and procured the services of another maid, and that she was thereby damaged and also suffered loss in expense while remaining in Detroit. The court charged the jury:

"Now, the defendant admits that the plaintiff was a passenger for hire, that her trunk was accepted as baggage, and that by reason of delay in delivering the trunk the defendant is responsible for nominal damages; but the defendant claims that it is only responsible for nominal damages. The defendant denies that it is responsible for any special damages as claimed by the plaintiff, because, as claimed by the defendant, she did not inform the agent of the defendant at Buffalo of any special circumstances from which it would be apparent that special damages would result from a failure to deliver the trunk on July 2, 1919."

The court further instructed the jury:

"Now, in order to entitle the plaintiff to recover other than nominal damages, she must satisfy you by a preponderance of the evidence that when she checked her trunk with defendant at Buffalo, she notified the baggage agent that she was under contract of employment with Miss King, that she had to begin work on the second of July, 1919, as well as the wages she was

to receive and the duration or period of employment, and she must also satisfy you that the baggage agent agreed to accept the responsibility of delivering the trunk to the plaintiff in Detroit the next day under those circumstances so communicated to him; and unless you find that the plaintiff did all those, and that what I have just said took place, then the plaintiff would not be entitled to recover and your verdict would be for the defendant, not of no cause of action, but a verdict for the defendant for nominal damages only, six cents."

Under this instruction the jury must have found that plaintiff notified the baggage agent of the facts on which she relied to prove the damages she claimed to have suffered by reason of the admitted breach of the contract of carriage by the defendant. That they also found that the agent ."agreed to accept the responsibility of delivering the trunk to the plaintiff in Detroit the next day" would not invalidate the verdict. Counsel for the defendant insist that such a special agreement violates the provisions of the Federal statutes governing the transportation of goods in interstate commerce. With that question we are not here concerned as plaintiff's declaration as amended does not count on such a special agreement. The instruction imposed on plaintiff a burden as to the proof which she was not called upon to bear. It was more favorable to the defendant than the pleadings and proofs justified. No error, prejudicial to the defendant, could have resulted therefrom.

Under the charge the jury were permitted to, and the verdict discloses the fact that they did, allow plaintiff damages on account of the loss of her position and the expense of her board and lodging while in Detroit.

The check turned in by plaintiff was not introduced in evidence. A search was made for it by one of defendant's employees. He did not find it, but stated

that he had not had time to make a thorough search— "The check may be there in the box or the basket." In view of the fact that its loss was not sufficiently accounted for, we do not think Exhibit 2, testified to by the general passenger agent of the defendant as the form of check "issued in exchange for transfer checks or a railroad check, when the baggage is not in our possession" and admitted by the court "as showing the character and kind of checks that were in use generally" can be considered as the form of the check delivered to plaintiff.

Defendant offered in evidence what purported to be a copy of its tariff as filed with the interstate commerce commission and shipping board. The general passenger agent testified:

"Defendant's Exhibit 1 is the local passenger tariff for the D. & C. Navigation Company, covering the entire season of 1919. The rules and regulations as contained in this tariff apply to Buffalo."

On objection, the court declined to receive it, saying—"There is not anything to show that this is an official tariff issued," but finally admitted it for the "purpose of showing the probability or improbability of the plaintiff's statement" only. It purported to be a "Local Passenger Tariff. One way, round trip, week end, and party fares; also basing fares between Detroit and Cleveland and Detroit and Buffalo. Season 1919. Effective April 6th to December 1st, 1919, except as noted in individual items. Issued March 6th, 1919. L. G. Lewis, General Passenger Agent, Detroit, Mich." This was followed by "Rules and Regulations Governing the Tariff Baggage Regulations."

Such tariffs become binding on the passenger only when filed with the interstate commerce commission as required by law. The statute (U. S. Comp. Stat. 1916, § 8584, subd. 12) provides that copies of such

tariffs filed with the commission shall be preserved as public records and that—

"copies of and extracts from any of said schedules, classifications, tariffs, * * * certified by the secretary, under the commission's seal, shall be received in evidence with like effect as the originals."

While it has been held that "the carrier is entitled to the presumption that its business is being conducted lawfully" (*New York, etc., R. Co.* v. *Beaham,* 242 U. S. 148, 151 [37 Sup. Ct. 43], and cases cited), we think no decision goes so far as to hold that a purported tariff schedule such as this could obtain probative force and be binding upon a passenger without some competent evidence to show that it had been filed as required by the statute. If such fact might have been established by parol proof, we think the testimony of the general passenger agent lacking in many of the essentials of such proof.

The purpose of the offer of the check and tariff schedule was to show a limitation of the damages recoverable by plaintiff by reason of the value of the trunk not having been declared to be more than $100. It is not claimed that the attention of plaintiff was called to the language said to have been on the check or the provision in the tariff schedule. It is defendant's claim that the limitation expressed on each became a part of the contract of carriage under the provisions of the Federal statute. If so, the necessity of making proof conformable to the ordinary rules of evidence governing contracts is apparent. While under the Federal authorities it would be presumed that defendant had complied with the statute by filing a tariff schedule, there would be no presumption that it had adopted the regulation relied on limiting its liability under the contract of carriage.

Counsel do not question the instruction of the court as to the damages which plaintiff might recover, ex-

cept by its claim that they were limited by the language of the check and the provisions in the tariff schedule. This instruction was well within the rule laid down by Mr. Justice MOORE in *McConnell* v. *Express Co.,* 179 Mich. 522 (Ann. Cas. 1915D, 80). It may be noted that an examination of the record and briefs in that case show that the Federal question here raised as to the validity of the special contract was not there presented.

In view of the conclusion we have reached, the other errors assigned are without merit.

The judgment is affirmed.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, and BIRD, JJ., concurred. FELLOWS, J., did not sit.