## CONTINENTAL BUS SYSTEM, Inc. v. ANSEL.
### No. 12495.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 10, 1952.

Rehearing Denied Jan. 7, 1953.

Callaway & Reed, Dallas, Ward & Brown, Corpus Christi, for appellant.

Jarman & Spann, Corpus Christi, for appellee.

NORVELL, Justice.

Appellee, Frank N. Ansel, recovered a judgment against Continental Bus System, Inc., for $509.31, being the value of certain baggage which was lost after being surrendered to the carrier for transportation. The carrier, as appellant, contends that the recovery should have been limited to $25, which it tendered into court.

This claim arose from interstate transportation, as appellee had purchased a ticket from Corpus Christi, Texas, to New York City, and was entitled to have his baggage carried to the point of his destination. The case is therefore controlled by Congressional Acts and the rules of law applicable to interstate commerce as interpreted by the federal courts. New York Central & Hudson River R. Co. v. Beaham, 242 U.S. 148, 37 S.Ct. 43, 61 L.Ed. 210; Nast v. San Antonio, Uvalde & Gulf R. Co., Tex.Com.App., 261 S.W. 1011.

Under the provisions of 49 U.S.C.A. § 20(11), made applicable to motor carriers by 49 U.S.C.A. § 319, a carrier may limit its liability for the loss or destruction of a passenger's baggage carried in interstate commerce. Galveston, Harrisburg and San Antonio R. Co. v. Woodbury, 254 U.S. 357, 41 S.Ct. 114, 65 L.Ed. 301.

It is provided in 49 U.S.C.A. § 16(13), that tariffs of rates, fares, baggage regulations and liability in connection therewith, shall be preserved as public records in the custody of the secretary of the Interstate Commerce Commission "and shall be received as prima facie evidence of what they purport to be for the purpose of investigations by the commission and in all judicial proceedings; and copies of and extracts from any of said schedules, classifications,

tariffs, contracts, agreements, arrangements, or reports, made public records as aforesaid, certified by the secretary, under the commission's seal, shall be received in evidence with like effect as the originals."

Upon the trial the appellant introduced in evidence the ticket purchased by appellee, which carried the following notice upon its face:

"Subject to Tariff regulations. Company reserves right to seat all passengers. Not responsible for damage or loss of baggage to exceed $25.00 unless insured. * * *"

The carrier then offered in evidence certain copies of excerpts from tariff baggage rules and regulations duly certified by the secretary of the Interstate Commerce Commission. These schedules purported to be applicable to the Continental Bus System, Inc., and in force at the time the ticket was sold to and used by appellee. Under one of the rules contained in the tariff the liability of appellant for loss or damage of baggage carried in interstate commerce was limited to $25, as indicated upon the transportation ticket which appellee purchased and used.

The trial judge refused to admit the certified copy of the excerpts from the tariff in evidence, apparently taking the position that the matter was controlled by a Texas Statute, viz., Article 3731a, Vernon's Ann.Civ.Tex.Stats.

The court's ruling was erroneous. The admissibility of the proffered evidence is controlled by the Act of Congress, 49 U.S. C.A. § 16(13), above referred to. In the case of McGuire v. Atlantic Coast Line R. Co., 136 Va. 382, 118 S.E. 225, 228, it was said:

"We find no merit in the contention of the plaintiff that the tariffs admitted in evidence are not properly authenticated. It is true that they were not authenticated as required by the Virginia statute (Code 1919, § 6206); nor was this necessary. The Virginia statute (section 6206) is not exclusive, and plaintiff's counsel recognizes that there may be an authentication under the common law rule. * * *

"While, generally speaking, a state has the right to prescribe the rules of evidence for its courts, this rule has no application where, as in the instant case, a federal question is involved, as to which federal acts and decisions are controlling. Metz Co. v. Boston & M. R. Co., 227 Mass. 307, 116 N.E. 475; Southern Exp. Co. v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825, L.R.A. 1917A, 197.

"It is not controverted that the tariffs are authenticated in accordance with the following provision of the federal act creating the Interstate Commerce Commission: [Here are set out the provisions of U.S.Comp.Stat.1916, § 8584(12), from which 49 U.S.C.A. § 16(13) was apparently taken.]"

For the error pointed out, the judgment appealed from is reversed and the cause remanded. New York Central & Hudson River R. Co. v. Beaham, 242 U.S. 148, 37 S.Ct. 43, 61 L.Ed. 210; Bass v. Erie R. Co., 195 Ill.App. 508.

Reversed and remanded.