[Civ. No. 38340. First Dist., Div. Three. Sept. 24, 1976.]

PAUL W. LOVINGER, Plaintiff and Appellant, v.
GREYHOUND LINES, INC., Defendant and Respondent.

## COUNSEL

David C. Moon and Paul R. Perdue for Plaintiff and Appellant.

Carroll, Burdick & McDonough and Ernest M. Thayer for Defendant and Respondent.

## OPINION

**DRAPER, P. J.—** ■ Plaintiff traveled by defendant bus line from New York City to Albuquerque. He checked three pieces of hand luggage accompanying him on his journey. Only two pieces were returned to him; the third was lost. He asserted the missing case contained "color transparencies, recorded tapes and manuscripts" representing 11 years of work. He valued them at $10,000 and filed this action to recover that amount (later increased to $50,000 by amendment to the complaint). He checked his three pieces of luggage at New York and received a baggage check for each. Each check bore, in large print, the notation "Baggage Liability Limited to $50 (see over)." The reverse side repeated the limitation of liability "unless a greater amount is declared in writing at time of checking, in which case charges for excess value will be collected and an excess valuation receipt will be issued," and "This check is issued subject to all conditions of published tariffs." Plaintiff

waited in the station for 30 minutes after receiving the baggage checks and before boarding his bus, but testified he did not see the provision limiting liability. After trial to the court, without jury, the limitation on liability was upheld, and plaintiff had judgment for but $50. He appeals.

The parties agree that federal law governs, since the transportation was in interstate commerce.

The Interstate Commerce Act provides (49 U.S.C.A. § 20, par. 11) that any common carrier by railroad receiving property for transportation in interstate commerce "shall be liable . . . for the full actual loss, damage, or injury to such property caused by it" notwithstanding any attempted limitation. But it also states: "Provided, however, that the provisions hereof respecting liability for full actual loss, damage or injury, notwithstanding any limitation of liability or recovery . . . shall not apply, first, to baggage carried on passenger trains or boats, or trains or boats carrying passengers." The second provision excludes application of the same restriction to "property . . . received for transportation concerning which" liability is determined by valuation declared by the shipper under tariffs of the carrier. Another section (49 U.S.C.A. § 319) makes section 20, paragraph 11 applicable to common carriers by motor vehicle. The United States Supreme Court held that a tariff regulation limiting liability for a passenger's baggage, in the absence of a higher declared value, was valid (*Boston & M. R. Co.* v. *Hooker*, 233 U.S. 97, 119-121 [58 L.Ed. 868, 878-879, 34 S.Ct. 526]). A later decision (*New York C. & H. R. R. Co.* v. *Beaham*, 242 U.S. 148 [61 L.Ed. 210, 37 S.Ct. 43]) followed the like rule. The court held (p. 151 [61 L.Ed. p. 216]) that "acceptance and use of the ticket" (which stated the limitation and provided for declaration of a greater value and payment of excess charges) "sufficed to establish an agreement *prima facie* valid which limited the carrier's liability."

Plaintiff, however, relies upon a 1953 decision (*New York, N. H. & H. R. Co.* v. *Nothnagle*, 346 U.S. 128 [97 L.Ed. 1500, 73 S.Ct. 986]) as modifying the rule of *Hooker* and *Beaham*. It is quite true that *Nothnagle* affirmed a Connecticut judgment awarding full value of lost luggage, despite a tariff limitation. But the high court recognized (p. 134 [97 L.Ed. p. 1506]) that the limitation of liability might be "saved by the statutory

proviso." The court had been careful to point out (p. 129 [97 L.Ed. p. 1504]) that the Nothnagle bag was lost in the course of redcap service between trains, and that when the bag was delivered to the porter "no baggage check was given." The opinion (p. 134 [97 L.Ed. p. 1506]) holds that "[t]he excepted 'baggage carried on passenger trains' refers solely to free baggage checked through on a passenger fare [citing *Hooker*]. It cannot apply to redcap service . . . ."

It is apparent that *Nothnagle* does not in any way overrule *Hooker* and *Beaham*. Rather, it distinguishes them on the ground that the facts of *Nothnagle* do not bring that case within the proviso of section 20(11) exempting "baggage carried on passenger trains." Plaintiff's reliance upon dicta in two California decisions (*Bauer* v. *Jackson*, 15 Cal.App.3d 358 [93 Cal.Rptr. 43]; *Muelder* v. *Western Greyhound Lines*, 8 Cal.App.3d 319 [87 Cal.Rptr. 297]) as modifying *Hooker* and *Beaham* is misplaced. *Muelder* concerned only an intrastate transportation. Both *Muelder* and *Bauer* involved shipments of freight under bill of lading, thus raising issues as to agreement of shipper as to valuation of the shipments—the second proviso of section 20, paragraph 11. Like factual distinctions apply to the several cases cited in *Bauer* and *Muelder*. Nor do we find impressive the *Bauer* analogy to contracts of adhesion. We do not understand such contracts to be barred when adhesion is dictated in a matter of exclusive federal cognizance by a clear federal statute and by interpretation of that statute by the United States Supreme Court. This, of course, does not bar proscription of such contracts in matters of state jurisdiction.

Negating the asserted inroads of more modern theory upon the rule of *Hooker* and *Beaham*, we note that they have been cited and relied upon in the related circumstance of air travel (*Vogelsang* v. *Delta Air Lines, Inc.* (2 Cir. 1962, per Friendly, J.) 302 F.2d 709; and see *Twentieth Century D. Serv.* v. *St. Paul Fire & M. Ins. Co.*, (9 Cir. 1957) 242 F.2d 292).

We find no merit in appellant's contention that his express assent to the limitation was required. (*New York C. & H. R. R. Co.* v. *Beaham*, *supra*, 242 U.S. at page 151 [61 L.Ed. at page 216]). Nor do we find error in the absence from the record of formal proof of the tariff rule. No

doubt as to the filing of the tariff was raised. The baggage check specifically referred to tariffs on file, and "the carrier is entitled to the presumption that its business is being conducted lawfully" (*id.*).

Judgment affirmed.

Brown (H. C.), J., and Scott, J., concurred.

A petition for a rehearing was denied October 22, 1976, and appellant's petition for a hearing by the Supreme Court was denied December 16, 1976.