# DAVIDSON STEEL, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, May 7, 1912.

1. **COMMON CARRIERS: Discrimination: Statutory Damages: Interstate Commerce.** Sections 3184 and 3191, Revised Statutes 1909, prohibiting discrimination and authorizing a recovery of triple damages therefor, apply only to intrastate commerce, and have no application to commerce between the states.

2. **PLEADING: Reply: Departure.** Under the code, the office of a reply is to deny facts alleged as a defense or to allege facts in avoidance thereof, and, while not abandoning the cause of action as originally pleaded, to fortify it by new facts rendered necessary by the allegations of the answer; and section 1821, Revised Statutes 1909, providing that the reply may allege facts that have occurred since the suit was instituted, does not change the office of a reply, but merely authorizes a declaration and recovery on facts occurring after the institution of the suit, when such relief is with the general scope of the petition and its prayer.

3. ———: ———: ———: **Recovery on Facts Pleaded in Reply.** The plaintiff cannot, after an answer has been filed, abandon the cause of action counted on in the petition, and recover upon a different cause of action set up in the reply.

4. **ACTION: Penalty: Strict Construction.** The rule of strictness of construction and procedure obtains with respect to a cause of action which is statutory and special in character and seeks the recovery of a penalty.

5. **COMMON CARRIERS: Discrimination: Pleading: Reply: Departure.** Plaintiff sued a carrier, and sought to recover triple damages for alleged discrimination, under sections 3184 and 3191, Revised Statutes 1909. Defendant pleaded that the shipment constituted interstate commerce and was not within the statute, whereupon plaintiff, by reply, pleaded a contract with defendant's agent to transport the freight at a certain rate, and that defendant thereafter refused to deliver the freight except on payment of a higher rate, and plaintiff, having been compelled to pay the higher rate, demanded the difference, as for a breach of contract. *Held*, that the reply constituted a departure from the cause of action stated in the petition, and

plaintiff, having proved an interstate shipment and being, therefore, unable to recover under the petition, could not recover on the cause of action stated in the reply.

Appeal from Mississippi Circuit Court.—*Hon. H. C. Riley,* Judge.

REVERSED.

*Robert A. Anthony* for appellant.

(1) This action cannot be maintained because it is a penal action based upon certain statutes of the state of Missouri; and because the petition on its face discloses that the shipment complained of was an interstate shipment, that is to say a shipment of a carload of hay from Rodney in the state of Missouri, to Memphis in the state of Tennessee. Laws 1887, page 15; R. S. 1899, sec. 1134; R. S. 1899, sec. 1140; R. S. 1899, sec. 1153; Seawell v. Railroad, 119 Mo. 222; Hanley v. Railroad, 187 U. S. 617; Railroad v. Pennsylvania, 145 U. S. 192; Railroad v. Illinois, 118 U. S. 557; Railroad v. Allen, 181 Fed. 710; Railroad v. Hadley, 168 Fed. 340. (2) Action of the kind described in plaintiff's petition are governed by the Interstate Commerce Law, and either the Interstate Commerce Commission or federal district courts have jurisdiction. See in this connection the Act of Congress approved February 4, 1887. 24 U. S. Statutes at large, chap. 104, page 379; see, also, amendments to said Act of June 29, 1906, April 13, 1908 and March 2, 1889.

*J. M. Haw* for respondent.

(1) As to the first reason assigned, it is sufficient to say that there was no attempt to recover treble damages. A contract and the breach thereof by appellant were shown, the damages to which respondent was entitled therefor ascertained and judgment rendered accordingly by the court below. Having been tried on this theory by the trial court the case will be reviewed

on the same theory by the appellate court. Railroad v. Sloop, 200 Mo. 198; Walker v. Owen, 79 Mo. 568;. Richardson v. Palmer, 36 Mo. App. 88; Fell v. Mining Co., 23 Mo. App. 216. (2) The court did not err in holding that it has jurisdiction of the cause, as is alleged in appellant's fifth assignment. There was no showing by appellant that the overcharges sued for grew out of an excess of rates over and above the rates fixed by schedule filed, published and posted as required by the federal act, and the circuit court had jurisdiction to try the cause on the contract. Railroad v. Sloop, 200 Mo. 198. Shippers are not affected by the Interstate Commerce Act until the required publication of its rates has been made, and to bring them within its operation in a given case, the burden is upon the carrier to show compliance with that condition precedent. Ralroad v. Sloop, 200 Mo. 198. (3) The appellant had authority to make such a contract as was recovered on, and it was binding. Railroad v. Sloop, 200 Mo. 198. The testimony shows an oral contract, made by respondent with the company through its station agent. A station agent has authority to make a contract for a railroad company. Harrison v. Railroad, 74 Mo. 364; Fountain v. Railroad, 114 Mo. App. 676; Wilson & Aull v. Railroad, 66 Mo. App. 388. (4) The testimony relates wholly to an oral contract and shows how and with whom it was made. But even if there had been a written contract the error (if made) does not affect the substantial rights of appellant and the judgment should not be reversed or affected thereby. Revised Statutes 1909, section 1850. It is the purpose of the law to get at the rights of the parties, and with that end in view the Legislature has provided, and the courts have held that where the judgment is for the right party it should be affirmed, even when errors are committed by the trial court. Revised Statutes 1909, sections 1850, 2119; Railroad v. Sloop, 200 Mo. 198; Bragg v. Railroad, 192 Mo. 331. With this

same view to substantial justice between the parties the pleadings are to be liberally construed. Revised Statutes 1909, section 1831; see, also, section 2119.

NORTONI, J.—This is a suit for the statutory penalty of treble damages levied against common carriers for wrongful discrimination in freight rates. Plaintiff recovered actual damages only, however, as for a breach of contract, and defendant prosecutes the appeal.

It is averred in the petition that plaintiff is a shipper of hay, residing at Rodney, in Mississippi county, Missouri, and that defendant owns and operates a railroad as a common carrier of goods between that point and Memphis, Tennessee. The petition then proceeds to declare upon the statutes of Missouri (sections 3184 and 3191, Revised Statutes 1909) for the penalty or triple damages, alleged to have accrued to plaintiff on account of defendant's unlawful discrimination against him, through its giving a preference or advantage to others engaged in shipping hay from that locality to Memphis, Tennessee.

Plaintiff avers that in July, 1909, he sold 54,720 pounds of baled hay to John Wade & Son, to be delivered in Memphis, Tennessee, and shipped the same over defendant's road to the purchaser at Memphis, for which shipment he was required to pay defendant, as freight thereon, twenty-two cents per hundred pounds, amounting in all to $120.39. It is averred, too, that notwithstanding defendant was prohibited by the statutes above referred to from discriminating against plaintiff and from an unreasonable discrimination against the said locality of Rodney in favor of other localities in the matter of rates charged for transportation of such product, it at the same time transported like baled hay to Memphis, Tennessee, from the same locality from the O. F. Goodin Grain Company at eleven cents per hundred pounds, etc.; that because

of such preference so accorded to the O. F. Goodin Grain Company in the matter of freight rates on hay between Rodney, Missouri, and Memphis, Tennessee, it was impossible for plaintiff to compete with the said O. F. Goodin Grain Company and others shipping therefrom, etc. Because of such unlawful discrimination against plaintiff and preference accorded to the O. F. Goodin Grain Company with respect to such shipment, plaintiff prays actual damages in the sum of sixty dollars and twenty cents, the amount he was charged in excess of the rate given to his competitor, and that, when such damages shall have been ascertained, the court render judgment against defendant for three times the amount of damages so ascertained, as provided by section 3191, Revised Statutes 1909, etc.

To this petition defendant demurred, on the grounds that, conceding the facts stated to be true, plaintiff was not entitled to recover, because it appeared therefrom the shipment was interstate and, therefore, not within the purview of the Missouri statutes, but this demurrer the court overruled. Upon the overruling of the demurrer, defendant filed its answer and pleaded that the shipment of hay involved and the discrimination and preference declared upon with respect thereto related to interstate commerce and, therefore, plaintiff was not entitled to recover the penalties sued for under the statutes of the state. To this answer plaintiff interposed a reply, in which he set up and averred that defendant, through its station agent at Rodney, agreed to transport his shipment of hay from that point to Memphis, Tennessee, at the same rate accorded to the O. F. Goodin Grain Company; that is, eleven cents per hundred weight, but, after the shipment was made, violated and breached its said contract by exacting from him twenty-two cents per hundredweight instead. Because of this alleged breach of the contract pertaining to the freight charge, he prayed a recovery of sixty dollars and twenty cents as

his actual damages, being the amount overcharged by defendant according to his theory of the contract.

Though defendant strenuously objected throughout and excepted thereto, plaintiff introduced evidence tending to prove both the discrimination and preference set forth in the petition and the fact that defendant, through its freight agent, agreed to transport the shipment of hay at eleven cents per hundredweight but exacted twenty-two cents per hundredweight therefor before surrendering the freight. The court seems to have disregarded the cause of action declared upon in the petition, that is for the penalty of treble damages provided in section 3191, which may be recovered of common carriers guilty of undue discriminations and preferences stipulated in section 3184, and found the issue for plaintiff as for a breach of the contract, for it allowed him actual damages only, in accordance with the prayer of his replication. In other words, the court, notwithstanding the objections and exceptions of defendant, departed entirely from the cause of action declared upon in the petition and found the issue tendered in plaintiff's reply for him, to the effect that defendant had breached its contract to transport the hay at eleven cents per hundredweight, and awarded damages on account thereof in the amount plaintiff was overcharged by it.

It is conceded that the shipment involved here is interstate in character and that the contract was an entire one, contemplating through transportation over defendant's line of railroad from Rodney, Missouri, to Memphis, Tennessee.

Obviously, plaintiff is not entitled to recover on the statutes above cited and on which he declares in the petition, for they afford a cause of action only on intrastate shipments when an infringement of their provisions appears. Indeed, by the provisions of a subsequent section of the same article—that is, section 3204—it is provided that the provisions of sections

3179 to 3207 shall be held to apply to shipments made from any point within the state to any point within the state. Manifestly, the Legislature contemplated no more than to confer a right of action under sections 3184 and 3191 with respect to discriminations and undue preferences made pertaining to shipments which both originated and terminated within the state. Whether the Legislature so intended or not, the law is abundantly well settled to the effect that these statutes are wholly without force and ineffectual to confer a right of action where the subject-matter of the transportation involved and about which the discrimination and undue preferences alleged falls within the purview of "commerce among the states;" and this is true even as to that part of the shipment which lies within the state, for if the shipment is a through one and interstate in character, it is not within the influence of such statutes, as the subject-matter is exclusively within the power of Congress, under the commerce clause of the Federal Constitution. In other words, while these statutes may be sued upon and enforced with respect to infringements thereof pertaining to the transportation of goods begun and ended within the limits of the state and disconnected with any carriage outside of the state, they are without influence whatever touching the subject-matter when the undue preference relates to the transmission of property from a point in one state to a point in another. [See Wabash St. L. & Pac. R. Co. v. Illinois, 118 U. S. 557.] Indeed, our own Supreme Court, in Seawell v. Kansas City, Ft. S. & M. R. Co., 119 Mo. 222, 24 S. W. 1002, recognizes and concedes such to be the law, though that case was erroneously decided in so far as it attempted an exposition as to what is interstate commerce, as will appear by reference to Hanley v. Kansas City Southern Ry. Co., 187 U. S. 617, directly in point. Under the universal course of decision, plaintiff was not entitled to recover under the Missouri statutes on

account of undue preferences and unlawful discrimination pertaining to this interstate shipment, and the court should have so declared.

But it is said, though such be true, plaintiff should not be denied the right to have actual damages, which alone were recovered, as for a breach of the contract to transport the hay at eleven cents per hundredweight. It is unnecessary to give an opinion touching the question as to whether or not a plaintiff may sue a common carrier for a breach of contract concerning the freight charges as to an interstate shipment and recover thereon for the petition in no sense seeks such relief, and the question is not made in the case. This question was first interposed by plaintiff's reply to defendant's answer and obviously such alleged breach of contract constituted a departure from the cause of action declared upon in the petition. In the code states, the office of a reply is to deny the facts alleged as defenses or to allege facts in avoidance of such defenses, and, while not abandoning the cause of action as originally pleaded, to fortify it by new facts rendered necessary by the allegations to the answer. [See 18 Ency. Pl. & Pr., p. 690.] In addition, under our code, the reply may allege facts which have occurred since the institution of the suit, as will appear by reference to section 1821, Revised Statutes 1909. But it is said this statute was not intended to change the office of a reply as to the denial or the plea of confession and avoidance of defenses set up in the answer, and authorizes only the statement of, and a recovery on, facts which have occurred since the institution of the suit, when such relief is within the general scope of the petition and its prayer. [See Crawford v. Spencer, 36 Mo. App. 78.] It is entirely clear that the averments of the contract and its breach, together with the prayer for a recovery on that account, set forth in the reply, are not within the general scope of the petition, nor does this matter pertain to facts which

have occurred since the institution of the suit. The cause of action, if any, set forth in the reply, for which a recovery was had as for a breach of the contract of shipment, is clearly a departure from the cause of action declared upon in the petition which predicates alone on the statutes, as all matter set up in the reply must be consistent with that stated in the petition and within its general scope so that the consistent rules of law relevant to the entire controversy may be applied at the trial. [See 18 Ency. Pl. & Pr. 705.] No one can doubt that a plaintiff may not introduce in his reply a cause of action different from that which he states in his petition. In other words, he cannot, after answer is made, abandon the cause of action set up in the complaint and tender and recover upon an entirely new and distinct cause of action in the reply. When such course is pursued, the courts declare the situation to present a departure and deny relief on that score, to the end of preventing interminable confusion. [See 18 Ency. Pl. & Pr. 707; Moss v. Fitch, 212 Mo. 484, 111 S. W. 475; Hill v. Rich Hill Coal Min. Co., 119 Mo. 9, 30, 24 S. W. 223.]

The cause of action declared upon in the petition is purely statutory and special in character and proceeds as in pursuit of a penalty for triple damages, which entails strictness in both matter of procedure and construction. [See Casey v. St. Louis Transit Co., 116 Mo. App. 235, 91 S. W. 419; s. c., 205 Mo. 721, 103 S. W. 1146.]

The cause of action set forth and declared upon in the reply and on which a recovery was had is at common law for the breach of a contract and is in no respect germane to, or within the general scope of, that declared upon in the petition. Because of this it is entirely clear that plaintiff is not entitled to recover in this action. The judgment will, therefore, be reversed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.