## SOUTHERN EXPRESS COMPANY *v.* BYERS.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 201. Submitted March 2, 1916.—Decided April 3, 1916.

Rights and liabilities in connection with interstate shipments depend upon acts of Congress, the bill of lading, and common-law principles accepted and enforced by Federal courts.

In order to determine the validity and effect.of restrictions upon liability contained in bills of lading issued by carrier for interstate shipments, applicable schedules on file with the Interstate Commerce Commission are material, and *held* error to exclude them in this case.

The common-law rule. long recognized in the Federal courts is that mere mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health or reputation; and so *held*, in an action against an express company, that the consignee of a casket and grave clothes, who admittedly sustanied no pecuniary damage by reason of delay in delivery, was not entitled to recover any damages whatever for mere mental suffering occasioned by such delay.

165 N. Car. 542, reversed.

THE facts, which involve the right of a shipper to recover damages for the mental anguish caused by delay in arrival of an interstate shipment, are stated in the opinion.

*Mr. Julius C. Martin, Mr. Thomas S. Rollins, Mr. George H. Wright* and *Mr. Robert C. Alston* for plaintiff in error.

There was no appearance or brief filed for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Claiming damages solely on account of mental anguish occasioned by failure promptly to deliver a casket and

grave clothes intended for his wife's burial and accep.... by plaintiff in error with knowledge of the facts at Asheville, North Carolina, for transportation to Hickory Grove, South Carolina, Byers recovered a judgment against it for $250, and this was affirmed by the Supreme Court of North Carolina. 165 N. Car. 542.

In defense the Express Company averred: That while engaged in interstate commerce it received the described articles at Asheville and transported them to Hickory Grove; that, as required by act of Congress approved June 29, 1906, and amendments, it had filed a schedule of rates with the Interstate Commerce Commission; that at time of shipment it issued a bill of lading limiting liability to $50; that it had paid the shipper the full amount expended by him in purchasing the articles; that no present liability exists, and especially under the laws of the United States it is not responsible for such damages as those specified.

There was put in evidence a duly executed receipt for $64.17, "being in full payment for one coffin delivered to Southern Express Company at Asheville, N. C., on April 1st, 1912, by John Byers, to be shipped to Sarah Moore, Hickory Grove, South Carolina;" and Byers testified that "the Southern Express Company paid him for all the money he had paid out on the casket and other things contained in the shipment, but did not pay him anything for damages." The bill of lading was also introduced. It specified no value and undertook to restrict the carrier's liability to $50. Clause 1 is copied in the margin.[1]  Objection was sustained to a seasonable

---

[1] 1. In consideration of the rate charged for carrying said property which is regulated by the value and classification thereof and is based upon a valuation of not exceeding fifty dollars for any shipment of one hundred pounds or less, and not exceeding fifty cents per pound for any shipment in excess of one hundred pounds, unless a greater value is declared at time of shipment, the shipper agrees that the company

offer by the company to prove its schedules of rates on file with the Interstate Commerce Commission.

Manifestly the shipment was interstate commerce; and, under the settled doctrine established by our former opinions, rights and liabilities in connection therewith depend upon acts of Congress, the bill of lading and common law principles accepted and enforced by the Federal courts. In order to determine the validity and effect of restrictions upon liability contained in such bills, it is important, if not indeed essential, to consider the applicable schedules on file with the Commission. *Adams Express Co.* v. *Croninger*, 226 U. S. 491; *C., B. & Q. Ry.* v. *Miller*, 226 U. S. 513; *C., St. P., M. & O. Ry.* v. *Latta*, 226 U. S. 519; *Wells, Fargo & Co.* v. *Neiman-Marcus Co.*, 227 U. S. 469; *Kansas Southern Ry.* v. *Carl*, 227 U. S. 639; *Mo., Kans. & Tex. Ry.* v. *Harriman*, 227 U. S. 657; *Chicago, R. I. & Pac. Ry.* v. *Cramer*, 232 U. S. 490; *Boston & Maine R. R.* v. *Hooker*, 233 U. S. 97; *Pierce Co.* v. *Wells, Fargo & Co.*, 236 U. S. 278; *N. Y. & Norfolk R. R.* v. *Peninsula Exchange*, 240 U. S. 34.

It was plain error to exclude the rate schedules.

---

shall not be liable in any event for more than fifty dollars ($50) on any shipment of one hundred pounds or less, and for not exceeding fifty cents per pound on a shipment weighing more than one hundred pounds, and said property is valued at, and the liability of this company is hereby limited to, the value above stated, unless a greater value is declared at the time of shipment, and the charge for value paid or agreed to be paid therefor; and in case of partial loss or damage the company shall not be liable for more than such proportion of the same as $50 if one hundred pounds or less in weight, or fifty cents per pound if weight exceeds one hundred pounds, or the value declared bears to the actual value if greater.

If the said property is offered for shipment under the special rates named in Sections "D" and "E" of the existing Official Express Classification, it is agreed that the value of the same does not exceed ten dollars ($10) per package, said rates not applying on packages of greater value.

Having been requested in apt time, the trial court refused to charge the jury as follows: "As the shipment which is alleged to have been ·delayed was a shipment in interstate commerce, and as the damage claimed by the plaintiff is damage for mental suffering only on account of the delay of the delivery of said shipment; the court instructs the jury that under the evidence in this case the plaintiff is not entitled to recover any such damage; the jury is therefore directed to render. a verdict for the defendant." This instruction should have been given.

The action is based upon a claim for mental suffering only—nothing else was set up and the proof discloses no other injury for which compensation had not been made. In such circumstances as those presented here, the long-recognized common law rule permitted no recovery; the decisions to this effect "rest upon the elementary principle that mere mental pain and anxiety are too vague for legal redress where no injury is done to person, property, health or reputation." Cooley on Torts, 3d Ed., page 94. The lower Federal courts, almost without exception, have adhered to this doctrine, and in so doing we think they were clearly right upon principle and also in accord with the great weight of authority. *Chase* v. *West. Un. Tel. Co.*, 44 Fed. Rep. 554; *Crawson* v. *West. Un. Tel. Co.*, 47 Fed. Rep. 544; *Wilcox* v. *Richmond & D. R. R.*, 52 Fed. Rep. 264; *Tyler* v. *West. Un. Tel. Co.*, 54 Fed. Rep. 634; *Kester* v. *West. Un. Tel. Co.*, 55 Fed. Rep. 603; *West. Un. Tel. Co.* v. *Wood*, 57 Fed. Rep. 471; *Gahan* v. *West. Un. Tel. Co.*, 59 Fed. Rep. 433; *McBride* v. *Sunset Tel. Co.*, 96 Fed. Rep. 81; *Stansell* v. *West. Un. Tel. Co.*, 107 Fed. Rep. 668; *West. Un. Tel. Co.* v. *Sklar*, 126 Fed. Rep. 295; *Alexander* v. *West. Un. Tel. Co.*, 126 Fed. Rep. 445; *Rowan* v. *West. Un. Tel. Co.*, 149 Fed. Rep. 550; *West. Un. Tel. Co.* v. *Burris*, 179 Fed. Rep. 92; *Kyle* v. *Chicago, R. I. & P. Ry.*, 182 Fed. Rep. 613. But see *Beasley* v. *West. Un. Tel. Co.*, 39 Fed. Rep. 181.

In *So Relle* v. *West. Un. Tel. Co.* (1881), 55 Texas, 308, the Supreme Court of Texas held the addressee of a message might recover damages of a telegraph company because of mere mental suffering. Subsequently the courts of Alabama, Iowa, Kentucky, Nevada, North Carolina and Tennessee, approved and enforced a like rule; those of Dakota, Florida, Georgia, Illinois, Indiana, Kansas, Minnesota, Mississippi, Missouri, New York, Ohio, Oklahoma, Virginia and West Virginia, definitely rejected the innovation. Many of the pertinent cases are reviewed in *West. Un. Tel. Co.* v. *Chouteau* (1911), 28 Oklahoma, 664, *S. C.*, 49 L. R. A. (N. S.) 206, and note; the general subject is discussed and the authorities cited in Sutherland on Damages, 3d Ed., §§ 975 *et seq.*, Sedgwick on Damages, 9th Ed., §§ 43 *et seq.*, and Shearman & Redfield on Negligence, 6th Ed., §§ 756 *et seq.*

The judgment of the court below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*And it is so ordered.*

MR. JUSTICE MCKENNA and MR. JUSTICE HOLMES concur in the result.