### DAVIS, Agent, etc., v. GRANTHAM.

(Circuit Court of Appeals, Fifth Circuit. December 18, 1923. Rehearing Denied January 29, 1924.)

#### No. 4002.

Damages ☞49—Damages for mental suffering alone not authorized.

An award of damages for mental anguish or distress caused by the acts of defendant's auditors in erroneously and negligently checking plaintiff's account with his employer without a finding that plaintiff was injured in property, health, or reputation, was unauthorized, though there was evidence that plaintiff was injured financially and in reputation.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action by W. M. Grantham against James C. Davis, as Agent and Director General of Railroads, and another. Judgment for plaintiff, and defendant Davis brings error. Reversed.

Bruce N. McMahan and A. P. Dohoney, both of Greenville, Tex. (Chas. C. Huff, of Dallas, Tex., on the brief), for plaintiff in error.

H. E. Lasseter and R. W. Simpson, both of Tyler, Tex. (Evans & Evans, of Greenville, Tex., and Simpson, Lasseter & Simpson, of Tyler, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This was an action by the defendant in error (herein called the plaintiff), against the plaintiff in error, as Agent and Director General of Railroads (herein called the defendant), and the American Railway Express Company, and resulted in a judgment against the defendant only. There were allegations in plaintiff's petition, and evidence in support thereof, to the following effect:

On September 24, 1919, and for more than a year prior to that date, plaintiff was the agent at Emory, Tex., of the defendant and the American Railway Express Company, and as such agent had exclusive charge of said station, and handled the moneys arising from the operation thereof. Immediately prior to the date mentioned plaintiff applied to his employers for leave of absence for 30 days, in order that he might take a vacation, whereupon his employers directed their re-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

spective traveling auditors to go to Emory on that date and check the plaintiff out and turn the office over to his successor, who was to hold the office during the period of plaintiff's vacation. Those auditors, after making an examination, charged plaintiff with being short in the sum of $108.90. Plaintiff, upon being informed by the auditors of such charge, insisted that they had made a mistake, but, upon demand, paid under protest the amount charged against him. A discrepancy of $8.90 would not have been any more than was to be expected under the circumstances; the agent being chargeable with all bills owing to his employers, but it being recognized that he was not chargeable with culpable wrongdoing for crediting customers until the end of the month on small items, the agent in the meantime remaining responsible therefor. The auditors, in checking plaintiff's accounts, negligently failed to give him credit for a $100 item to credit for which he was entitled.

The defendant reported to the bonding company which was the surety on the bond given by plaintiff that plaintiff was short in the amount reported by the auditor, with the result that thereafter plaintiff could not get that or another bonding company to become his surety unless he furnished indemnity, which before he had not been required to do. After the discovery of the mistake made by the auditors, the defendant repaid to the plaintiff the amount of the item improperly charged against him. The plaintiff claimed damages for mental anguish resulting from the making of the false charge against him and the reporting thereof to his surety.

In its charge the court instructed the jury to the effect that, if the auditors negligently charged the plaintiff with the $100 item, and if plaintiff suffered mental anguish or distress as a direct and proximate result of such negligence, the jury could award him damages on account of such mental anguish or distress. The defendant excepted to that instruction.

Under the instruction given, an award of damages for mental anguish or distress was permissible, without any finding that plaintiff was injured in person, property, health, or reputation. Damages for mental suffering alone are not recoverable. Southern Express Co. v. Byers, 240 U. S. 612, 36 Sup. Ct. 410, 60 L. Ed. 825, L. R. A. 1917A, 197. The instruction mentioned was erroneous, in that it permitted an award of damages for mental anguish or distress, though the jury made no finding, based on evidence adduced, that plaintiff sustained such an injury as is required to warrant the making of such an award. The instruction was none the less erroneous by reason of the fact that there was evidence to support a finding that plaintiff was injured financially and in reputation in consequence of the defendant reporting to the bonding company, which was plaintiff's surety, that plaintiff was short in the amount reported by the auditor, as under the instruction the jury could award damages for mental anguish or distress, without making any finding based on the evidence mentioned.

Because of the above-mentioned error the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.