## MISSOURI PACIFIC RAILROAD COMPANY *v.* STROUD.

CERTIORARI TO THE SPRINGFIELD COURT OF APPEALS OF THE STATE OF MISSOURI.

No. 168. Argued January 14, 1925.—Decided March 2, 1925.

Where a carrier has two routes by which freight may move between two points within a State, one route wholly within the State and the other partly through another, a prospective shipment which, following the carrier's practice and in the absence of preference

expressed by the shipper, would move over the latter route, is to be governed by the Interstate Commerce Act, in respect of the carrier's duty to avoid discrimination in furnishing cars, and a State regulation in that regard is therefore inapplicable. P. 407.

212 Mo. App. 512, reversed.

CERTIORARI to a judgment of the Court of Appeals of Missouri affirming, with a reduction, a judgment for treble damages recovered by Stroud from the Railroad Company, under Rev. Stats. Mo. §§ 9985, 9990, for discrimination in furnishing freight cars.

*Mr. Thomas T. Railey* for petitioner. *Messrs. Edw. J. White, Jas. F. Green,* and *J. C. Sheppard,* were on the brief.

*Mr. George H. Moore,* for respondent, submitted.

MR. JUSTICE BUTLER delivered the opinion of the Court.

This action was brought by the respondent against the petitioner in the Circuit Court of Ripley County, Missouri, to recover treble damages under §§ 9985, 9990, Revised Statutes of Missouri, 1919. The petitioner is a common carrier of freight and passengers for hire by railroad in Missouri and other States. Section 9985 contains the following: " It shall be unlawful for any such common carrier to make or give any undue or unreasonable preference or advantage to any particular person . . . in the transportation of goods . . . or to subject any particular person . . . to any undue or unreasonable prejudice or disadvantage with respect to such transportation . . ." Section 9990, among other things, makes the carrier liable to any person injured by a violation of the above quoted provision for three times the amount of damages sustained.

June 12, 1920, respondent, who was engaged in the lumber business, had 20,000 feet of hardwood lumber

ready for shipment at Oxly, Missouri, a station on petitioner's railroad, and applied for two cars on which to ship the lumber to Saint Louis, Missouri. The petitioner failed to furnish him any cars until August 19, 1920. After he had ordered the cars, and before they were delivered, other shippers at Oxly applied to the petitioner for, and were furnished, cars for the transportation of lumber. Respondent alleged that by § 9985 petitioner was prohibited from so discriminating against him, and that as a result of such unlawful discrimination he was damaged in the sum of $1,000. The complaint alleged the foregoing facts, but contained no allegation that respondent attempted to designate any route, intrastate or interstate, for the transportation of his lumber. The answer denied the discrimination and alleged that petitioner moves its cars from Oxly to Saint Louis over two routes: one wholly within the State of Missouri; the other by way of Thebes, crossing the Mississippi River at that point and running through the State of Illinois into Saint Louis; that the usual and regular way of routing cars loaded with lumber at Oxly and consigned to Saint Louis would be over the latter route through the State of Illinois and would be interstate commerce, and that § 9985 has no application to the facts stated in respondent's complaint.

The first trial resulted in a judgment for respondent which was reversed on appeal. 210 Mo. App. 311. However, the Court of Appeals held that, under these sections, an action lies for damages for discrimination in furnishing cars for the shipment of lumber which could have gone over either an intrastate or interstate route. At the second trial, petitioner's superintendent of transportation testified that, under the routing circular then in force, respondent's lumber would have been hauled over the interstate route; that the line on the Missouri side of the river passes over Iron Mountain and other Ozark

hills, and that the routing through Illinois over the more level line is made as a matter of operating convenience and economy. There was no other evidence on the point. Cf. 210 Mo. App. 316. Respondent did not attempt to designate any route, intrastate or interstate, and there is nothing to show that he expressed or had any preference in respect of the route. At the close of all the evidence in the case, the petitioner requested the court to instruct the jury to return a verdict for petitioner. The court refused to do so, and, notwithstanding the fact that respondent's lumber would have moved over the interstate route, submitted the case to the jury. There was a verdict of $1,000 for respondent, and judgment was entered for three times that amount. Petitioner appealed. 212 Mo. App. 512. The Court of Appeals held that respondent was not entitled to a verdict in excess of $502.50, and ordered that, if respondent filed remittitur, judgment for $1,507.50 would be affirmed. The remittitur was filed and judgment entered accordingly. The case is here on certiorari. § 237, Judicial Code.

Congress, in the exertion of its power over commerce among the States, has enacted laws for the regulation of the furnishing of cars to shippers. Interstate Commerce Act, § 1, (3), (4), (6), (10), (11), (12), (14); § 3 (1); §15 (1). See *United States* v. *New River Company,* 265 U. S. 533, 541. Section 3, c. 104, 24 Stat. 380 (as amended February 28, 1920, § 405, c. 91, 41 Stat. 479) is very similar to § 9985, and contains the following: " That it shall be unlawful for any common carrier subject to the provisions of this act to make or give any undue or unreasonable preference or advantage to any particular person, company, firm, corporation, or locality, or for any particular description of traffic, in any respect whatsoever, or to subject any particular person, company, firm, corporation, or locality, or any particular description of traffic, to any undue or unreasonable prejudice or dis-

advantage in any respect whatsoever." It is elementary and well settled that there can be no divided authority over interstate commerce, and that the acts of Congress on that subject are supreme and exclusive. Transportation from Oxly to Saint Louis over the route partly within and partly outside of Missouri is interstate commerce. *Hanley* v. *Kansas City Southern Ry. Co.,* 187 U. S. 617, 620; *Western Union Telegraph Co. v. Speight,* 254 U. S. 17. It was shown that the shipment would have moved by that route. The record discloses no facts which would impose upon petitioner any obligation to haul respondent's lumber over the intrastate route. See *Northern Pacific Ry Co.* v. *Solum,* 247 U. S. 477, 482. The state law has no application to the furnishing of cars to shippers for the transportation of freight in interstate commerce. *Chicago, Rock Island & Pacific Ry.* v. *Hardwick Elevator Co.,* 226 U. S. 426, 435; *Southern Ry. Co.* v. *Reid,* 222 U. S. 424, 435; *Steel* v. *Railroad,* 165 Mo. App. 311, 317.

*Judgment reversed.*