## DAVIS, Agent, etc., v. GRANTHAM.

(Circuit Court of Appeals, Fifth Circuit. February 24, 1926.)

### No. 4612.

Appeal and error ⬤⟞977(1)—New trial ⬤⟞6.

　Granting or refusal of new trial is within sound discretion of trial judge, and error cannot be predicated thereon.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action by W. M. Grantham against James C. Davis, as Agent and Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 295 F. 132.

B. M. McMahan and A. P. Dohoney, both of Greenville, Tex. (Chas. C. Huff, of Dallas, Tex., on the brief), for plaintiff in error.

Gordon Simpson and H. E. Lasseter, both of Tyler, Tex. (B. Q. Evans, of Greenville, Tex., and Lasseter & Simpson, of Tyler, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, plaintiff below, recovered a judgment for $5,000 as damages for defamation of character, to reverse which this writ of error is brought. Error is assigned to the overruling of exceptions to the pleadings, to the

charge of the court, to the refusal to direct a verdict for defendant, and to the refusal to grant a new trial.

Referring to the parties as they appeared in the District Court, it appears that plaintiff was employed by defendant as a station agent. Auditors representing defendant erroneously checked him short in his accounts, in consequence of which he was relieved from duty and was hampered in thereafter securing a bond from a surety company. The facts are more fully stated in our former opinion, 295 F. 132.

There was some conflict in the evidence as to whether the action of the auditors'was negligent and resulted in damaging plaintiff, but there was sufficient to go to the jury on the question of damages. It was not error to overrule the motion for a directed verdict.

It is difficult to determine just what parts of the charge are objected to. From the bill of exceptions it would appear defendant objected in such general terms it would have been impossible for the judge to have corrected any improper statement. Further, the parts of the charge objected to are not set out in the assignments of errors, as required by rule 11 of this court. In spite of this, we have examined the charge of the court, which is in the record, and do not find any reversible error therein.

It is elementary that the granting or refusing of a new trial in federal courts is within the sound discretion of the trial judge, and error cannot be predicated thereon.

The other errors assigned are equally without merit.

Affirmed.