## MEES v. WESTERN UNION TELEGRAPH CO.
### No. 1674.

District Court, S. D. Florida.
Jan. 18, 1932.

Patterson & Knight, of Miami, Fla., for plaintiff.

J. Julien Southerland, of Miami, Fla., for defendant.

RITTER, District Judge.

This cause comes on to be heard upon the demurrer of the defendant to the declaration, on the ground that the same fails to state a cause of action. The declaration was filed in the circuit court of the Eleventh judicial circuit of Florida in and for Dade county, and brought to this court by the defendant.

The cause of action stated in the declaration is, in short, that she received telegrams announcing the death of her husband in Sandusky, Ohio. She sent a telegram to Mrs. Harry Farrell in said place, as follows: "Wire us fare will leave at once hold body." This message was delivered, and the brother of the plaintiff's deceased husband delivered to the defendant a telegraphic money order in the amount of $90, to be transmitted to the defendant at Miami, Fla. The defendant delivered to the plaintiff only $35, refusing more upon the ground that that was the only amount the Miami office of the defendant was authorized to pay, being the only amount transmitted. As a result, the plaintiff was unable to attend the funeral of her husband, because of insufficient funds, while, if the said $90 had been delivered, she would have so attended; that, because of such action, "plaintiff was thereby greatly grieved and did suffer great bodily pain and great mental anguish and her nervous system was shocked and disordered as a result whereof plaintiff was made ill in body and mind, and did suffer great physical pain, and was confined to her bed for a long period of time and incurred the expense of attendance by physicians in the amount of Fifty Dollars."

It is conceded by counsel for the plaintiff that the recovery sought in the case is for the sickness following and consequent upon the mental suffering. There is a great conflict of decisions among the states upon the question of recovery for mental suffering, but there is no conflict in the federal courts since the case of Southern Express Co. v. Byers, 240 U. S. 612, 36 S. Ct. 410, 411, 60 L. Ed. 825, L. R. A. 1917A, 197, where the court says: "The action is based upon a claim for mental suffering only,—nothing else was set up and the proof discloses no other injury for which compensation had not been made. In such circumstances as those presented here, the long-recognized common-law rule permitted no recovery; the decisions to this effect 'rest upon the elementary principle that mere mental pain and anxiety are too vague for

legal redress where no injury is done to person, property, health, or reputation.' Cooley, Torts (3d Ed.) page 94. The lower Federal courts, almost without exception, have adhered to this doctrine, and in so doing we think they were clearly right upon principle and also in accord with the great weight of authority."

Counsel for plaintiff, while recognizing this authority as final in the federal courts, nevertheless make the argument that the court did not, in that decision, decide adversely to the recovery of sickness induced by mental suffering; that the language of the court, viz., "where no injury is done to person, property, health or reputation," is broad enough to include injury to health resulting from mental anguish.

It is conceded by both counsel that the only cases squarely in point are Jones v. Western Union (D. C.) 233 F. 301, 304, and Ey v. Western Union (D. C.) 298 F. 357. The first named case, upon which authority the second was decided, says: "Within the limits of the rule as thus announced, sickness which is merely a sequel of mental suffering or anguish cannot be differentiated from mental suffering or anguish itself. To a person of unusual sensibilities or refinement, comparatively slight mental anguish might cause serious illness; but it would be obviously impossible to draw the line of demarcation between mere mental suffering on the one hand, and resulting illness or sickness upon the other, and consequently impossible to adopt any standard by which a jury could be guided in the allowance of relief. If the sickness be but an aggravated form of mental suffering, it would still be but mental suffering, and therefore not a basis for damages; if some entirely distinct form of sickness should ensue, still it could not reasonably have been anticipated, and consequently could not be said to have been a proximate result of the original negligence." See, also, Wilcox v. Richmond & D. R. Co. (C. C. A.) 52 F. 264, 17 L. R. A. 804.

With the reasoning in this case, I concur. If mental suffering alone cannot be the basis of an action, sickness resulting therefrom is not the proximate result of the negligence of the defendant. The mental suffering is the cause of it, and, mental suffering not being an element of damage, there can be no logical connection between the sickness and the conduct of the defendant. Elaborate briefs and annotations concerning the subjects are to be found in 23 A. L. R. 361, and 49 L. R. A. (N. S.) 206. It would serve no purpose for me here to discuss the state decisions, as I think the citations heretofore are conclusive of the subject.

The demurrer is sustained.