**STANLEY v. WESTERN UNION TELEGRAPH CO.**

No. 2490 M. Civ.

District Court, S. D. Florida, Miami Division.

May 28, 1938.

---

[1] No opinion for publication.

Boone & Boone, of Miami, Fla., for plaintiff.

J. Julian Southerland, of Miami Beach, Fla., for defendant.

BARRETT, District Judge.

A demurrer to plaintiff's declaration is for determination. Plaintiff's declaration makes the following case: Failure on the part of the defendant to deliver a prepaid telegram filed in Georgia and addressed to plaintiff in Florida, reading as follows: "Abbott died this morning. Notify others. Wire Westen Union if coming". Abbott was the brother of plaintiff.

No other negligent act or failure was alleged than the nondelivery of the telegram. Damages are claimed for mental anguish and the recovery of a penalty from $100.00 to $1,000.00 and the recovery of reasonable attorneys' fees.

Plaintiff concedes that "prior to the act of June 19, 1934, damages were not recoverable in the federal courts for mental anguish for failure of a telegraph company to deliver an interstate message." This concession is demanded under the authority of Southern Express Company v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825, L.R.A.1917A, 197, and Western Union Tel. Co. v. Speight, 254 U.S. 17, 41 S.Ct. 11, 65 L.Ed. 104.

It is further conceded, though not so definitely expressed, that Congress has preempted the field of interstate telegraph messages, as interstate commerce, and that the federal law governs on all interstate messages and therefore no state statute can alter the federal law. This concession is demanded by Postal Telegraph-Cable Co. v. Warren-Godwin Lumber Co., 251 U.S. 27, 40 S.Ct. 69, 64 L.Ed. 118; Western Union Tel. Co. v. Esteve Bros. & Co., 256 U.S. 566, 41 S.Ct. 584, 65 L.Ed. 1094; Western Union Tel. Co. v. Boegli, 251 U.S. 315, 40 S. Ct. 167, 64 L.Ed. 281; Western Union Tel. Co. v. Wright & Co., 79 Fla. 600, 84 So. 604.

Plaintiff's contention is that the Federal Communications Commission Act, in sections 206 and 207, 47 U.S.C.A. §§ 206, 207, created a cause of action and that provision therein for the recovery of "the full amount of damages sustained" embraces damages for mental anguish.

An adverse answer to such contention terminates plaintiff's right of recovery on any and all of the counts.

The language of sections 206 and 207, supra, is almost identical with that of sections 8 and 9 of the Interstate Commerce Act, 24 Stat. 382, 49 U.S.C.A. §§ 8, 9, and therefore the interpretation of the Interstate Commerce Act will conclusively apply to said sections of the Federal Communications Commission Act.

In 1911 the Supreme Court of the United States, in the case of Atlantic Coast Line R. Co. v. Riverside Mills, 219 U.S. 186, 208, 31 S.Ct. 164, 55 L.Ed. 167, 31 L.R.A.,N.S., 7, interpreted the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., as

being applicable to only cases that were based on the failure to comply with some provision of such act, the language in the opinion on page 208, 31 S.Ct. on page 171, being: "But that section applies to cases where the cause of action is the doing of something made unlawful by some provision of the act, or the omission to do something required by the act, and there is a recovery 'of damages sustained in consequence of any such violation of this act,' etc. The cause of action in the present case is not for damages resulting from 'any violation of the provisions of this act.' True, the plaintiff in error attempted by contract to stipulate for a limitation of liability to a loss on its own line and in this action has defensively denied liability for a loss not occurring on its own line. But the cause of action was the loss of the plaintiff's property which had been intrusted to it as a common carrier, and that loss is in no way traceable to the violation of any provision of the act to regulate commerce. Having sustained no damage which was a consequence of the violation of the act, the section has no application to this case."

This decision has never been overruled or qualified but is definitely followed in Galveston, etc., Ry. Co. v. Wallace, 223 U.S. 481, 490, 32 S.Ct. 205, 56 L.Ed. 516.

It is inescapable that Congress knew of such interpretation when in 1934 it enacted the Federal Communications Commission Act, and the result must be that Congress meant to give the same and no greater right than had been given by the same language in the Interstate Commerce Act.

There was no need for Congress to declare as existent the fundamental right of recovery for breach of contract or the perpetration of a tort, and it did not by such Federal Communications Commission Act enact such a useless statute. The suit at bar is under such fundamental right and no damages thereunder can be recovered for mental anguish.

■ Even however if this suit were under the Federal Communications Commission Act for the recovery of "the full amount of damages" it would not justify the recovery of damages for mental anguish. Under the sovereignty of the United States of Amercia the law was positive and long existent that recovery for mental anguish could not be had in its courts. It must therefore follow that when the Congress spoke of

"damages" it meant only such damages as were lawfully recoverable under the laws of the United States.

It is therefore Ordered: That the demurrer be and is hereby sustained and the declaration is dismissed as to all counts at plaintiff's cost.