**CLEATUS PRICE, v. THE WESTERN UNION TELEGRAPH COMPANY, a corporation.**

23 So. (2nd) 491                                                     June Term, 1945
October 2, 1945                                                      Division B

*George P. Garrett,* for appellant.

*Francis R. Stark,* (New York City, N. Y.) *Erskine W. Landis, J. Compton French* and *Hull, Landis, Graham & French,* for appellee.

SEBRING, J.:

Appellant, as plaintiff below, sued appellee to recover damages for the alleged failure of the latter to deliver a certain telegram addressed to appellee. Demurrer was sustained to an amended declaration. The plaintiff refused to amend further and judgment was entered on the demurrer. This appeal is from the judgment.

The amended declaration states in substance, that the plaintiff's brother delivered to the defendant company at Hoxie, Arkansas, a certain telegram addressed to the plaintiff

at Ocoee, Florida, advising the latter of the death of a sister and requesting plaintiff to attend the funeral. The telegram was promptly transmitted from Arkansas to Jacksonville, Florida, but thereafter the Jacksonville office of the telegraph company failed to relay the telegram on to plaintiff at Ocoee, Florida. As a result of this dereliction the plaintiff did not learn of the death of his sister until long after her demise and was thereby prevented from attending her funeral, which he would have done had the telegram been delivered to him by the defendant.

The question is whether the plaintiff has stated a case which will allow him to recover on a declaration claiming damages for mental pain and anguish only.

With all candor the appellant concedes that if the telegram was an interstate message he may not recover. He submits, however, that where the failure of duty to deliver the telegram occurred at a relay office of defendant in the State of Florida after the telegram had been received from without the State for delivery within the State, the transaction lost its interstate character and became wholly intrastate, and subject to applicable state law allowing such recovery. See Secs. 363.02, 363.03, 363.06 Florida Statutes 1941.

We cannot agree with the contention of the appellant. In our view the sending of a telegraph message from one state into another is a transaction in interstate commerce and the transmission is an indivisible movement from the time of receipt of the telegram from the sender to final delivery to the addressee. The fact that the failure to relay the message on to the addressee occurred at a point in the state of destination rather than outside such state, does not affect the character of the transaction so as to change it from an interstate to an intrastate transaction. See Western Union Tel. Co. v. Foster, 247 U.S. 105, 38 S. Ct. 438, 62 L. Ed. 1006, 1 A.L.R. 1278; Western Union Telegraph Co. v. Speight, 254 U.S. 17, 41 S. Ct. 11, 65 L. Ed. 104; Basila v. Western Union Telegraph Co., (D.C. Fla.) 24 F. (2nd) 569; Vaigneur, v. Western Union Telegraph Co., (D.C. Tenn.), 34 F. Supp. 92; Norris, v. Western Union Telegraph Co., 174 N.C. 92, 93, S.E. 465; Fortier v. Western Union Telegraph Co., (La. App.) 168 So.

321; Western Union Telegraph Co. v. King, 61 Ga. App. 537, 6 S.E. (2nd) 368; 11 Am. Jur. pp. 70, 76, Commerce, Sec. 74, 82; 15 C.J.S. pp. 314 et seq., Commerce, Sec. 31.

The judgment appealed from is affirmed.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.