## LOVETT v. CALLOWAY.

### Civil Action No. 2869.

District Court, N. D. Georgia,
Atlanta Division.

Dec. 23, 1946.

Hewlett & Dennis and T. F. Bowden, both of Atlanta, Ga., and Hamilton Mc-Whorter, of Lexington, Ga., for plaintiff.

Powell, Goldstein, Frazer & Murphy, of Atlanta, Ga., for defendants.

UNDERWOOD, District Judge.

Defendant's motion to dismiss the petition in the above stated case came on regularly for trial and was heard orally and by brief.

The petition seeks recovery for the homicide of plaintiff's husband and alleges that the suit is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. It further alleges that deceased was

an employee of defendant and was killed while employed as such in defendant's yards at Tennille, Georgia, by an engine of the Sandersville Railroad Company which was negligently operated by an employee of the Sandersville Railroad Company in defendant's said yards.

The grounds of the motion are that the petition fails to state a cause of action under the Federal Employers' Liability Act and because it is not alleged that plaintiff obtained permission from the District Court of the United States for the Southern District of Georgia to bring this suit in this Court.

The decision on the motion depends upon the question whether defendant is responsible to the employees of the Central of Georgia Railway Company under the Act for the negligence of employees of the Sandersville Railroad while engaged in the operation of a locomotive of the latter railroad in defendant's yards at Sandersville.

If recovery is had in this case, it must be upon violation of defendant's duty under the Federal Employers' Liability Act, which provides that, "Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, * * *." 45 U.S.C.A. § 51 et seq.

The case hinges, therefore, on the question whether the employee of the Sandersville Railroad Company, whose act caused the death of plaintiff's husband, was, in the circumstances alleged, also an employee or agent of defendant within the meaning of such words as employed in the Federal Employers' Liability Act.

■ Under applicable principles of common law as interpreted and applied by the Federal Courts, he was such agent or employee of defendant. (Southern Express Co. v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825, L.R.A.1917A, 197; Southern R. v. Gray, 241 U.S. 333, 36 S.Ct. 558, 60 L.Ed. 1030; Chesapeake & O. Railroad v. Kuhn, 284 U.S. 44, 52 S.Ct. 45, 76 L.Ed. 157). But under the laws of Georgia, he was not, Ga.Code Ann. §§ 94-312, 66-408, so that the ultimate question is, does the State or Federal law control?

■ Where a Federal right or cause of action is created by a Federal statute, it is defined and construed in the light of Federal law and decisions, although the determination of the beneficiary may be left to State law when the Federal statute is silent on the point, as where local law may be followed in determining who may come within the term "next of kin." Seaboard Air Line Ry. v. Kenney, 240 U.S. 489, 36 S.Ct. 458, 60 L.Ed. 762.

■ But when the right itself, created by Federal statute, is to be defined, then the rules as announced by Federal courts prevail and local laws are not controlling. The case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, is not applicable.

It is to be presumed that a right created by a Federal statute is intended to have general and equal application throughout the United States and not, under the same state of facts, be subject to enforcement in some states or political subdivisions and not enforceable in others, because of varying state laws or decisions. It would be contrary to the intent and purpose of the Constitution and statutes enacted, to make the existence of a boundary line the determining factor in granting a right to one and denying it to another on the same facts.

With respect to the applicability of the doctrine of Erie R. Co. v. Tompkins, supra, in cases affecting the whole of the United States, the Circuit Court of Appeals for the Fifth Circuit say, "We are of opinion that the doctrine of Erie v. Tompkins, supra, applies only to local matters governed wholly by State law. A railroad union contract applying over a railroad system which operates in many States is not such. Its meaning and effect ought to be the same in each State." Illinois Central R. Co. v. Moore, 5 Cir., 112 F.2d 959, 963.

In my opinion, the suit is properly brought under the Federal Employers' Liability Act, and the general principles of law enunciated by the Federal courts, rather than the statutes and decisions of the State of Georgia, are controlling. New York Central & Hudson River R. Co. v. Tonsellito, 244 U.S. 360, 37 S.Ct. 620, 61 L.Ed. 1194; New York Central R. Co. v. Winfield, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045, L.R.A.1918C, 439, Ann.Cas. 1917D, 1139; Mondou v. New York, New Haven & Hartford R. Co., 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44; Southern Express Co. v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825, L.R.A.1917A, 197; Southern R. v. Gray, supra; Chesapeake & O. R. v. Kuhn, supra.

If permission of the Court in which the receivership is pending were required to institute this suit, the general order of the Court and the general provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., are sufficient to show such permission.

The motion to dismiss is overruled and denied on all grounds.