**Bertha KAUFMAN**

v.

**WESTERN UNION TELEGRAPH COMPANY.**

**Civ. A. No. 5638.**

United States District Court
N. D. Texas, Dallas Division.

Sept. 6, 1954.

Mullinax & Wells, Dallas, Tex., for plaintiff.

John W. Miller, Dallas, Tex., for defendant.

ATWELL, Chief Judge.

The plaintiff, a citizen of Dallas, Texas, residing in a hotel in that city, alleges that her daughter was at Tulsa, Oklahoma, and that prior to leaving by airplane for Dallas, sent a telegram to be delivered by the defendant, advising the plaintiff that she, the daughter, would arrive at Love Field Airport, in Dallas. That the defendant delivered the telegram to its messenger at Dallas for delivery to the plaintiff at Hotel Melrose. Said messenger advised the clerk at the Melrose Hotel that it was a death message.

That plaintiff was sensitive and of a nervous temperament, and when the hotel clerk advised that he had a death message which he was sending up, she became ill, and it was necessary for her to receive immediate medical attention. That since that date she has been under

1.  Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 166, 60 S.Ct. 153, 84 L.Ed. 167.

the care of a doctor, and that said information that a death message was being sent her aggravated her high blood pressure and has caused her to become weak and debilitated. That she has suffered extreme mental and physical pain and anguish as a direct and proximate result of said death message, all to her damage in the sum of $20,000.

She charges that the defendant was negligent in so delivering said message by representing that it was a death message.

The defendant moves for a summary judgment, and contends that the message was an interstate telegram, merely announcing that the plaintiff's daughter had departed from Tulsa for Dallas by way of the American Airlines, and that the absence of actual physical bodily hurt entitles the defendant to a judgment since there can be no recovery for mental anguish based solely upon wholly unwarranted mistaken beliefs or apprehensions or fears as to conditions which were wholly imaginary. Alleged damages therefor are not recoverable.

A rather exhaustive treatment of cases and the doctrine which relates to the duties of a telegraph company, and the results to the patron for alleged negligence, will be found in 86 C.J.S., under the head of Telegraphs, Telephones, Radios and Television, § 125 et seq.

■■ It seems to be well settled that the general rule is that special damages are not recoverable unless they can reasonably be said to have been within the contemplation of the parties, and it is generally held that there can be no recovery for mental anguish. The defendant had no notice from the terms of the message of the plaintiff's condition with or interest in the subject matter and that mental anguish would probably result from the failure to properly deliver or transmit the message. But here, in the instant case, there was nothing in the message which indicated or would indicate to the plaintiff that there was any danger or damage or hurt to her daughter whom she knew was coming from Tulsa to Dallas. When the clerk of her

hotel, who was not an agent of the defendant, telephoned her that he was sending up a death message, it was wholly gratuitous, so far as the defendant is concerned, and the defendant is not and was not bound by what the hotel clerk said.

An interesting case is Mees v. Western Union Tel. Co., 5 Cir., 55 F.2d 691. The conflict which may be found in the decisions of the states is not found in the decisions of the federal courts.

See also Southern Express Co. v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L. Ed. 825; Jones v. Western Union Tel. Co., 9 Cir., 233 F. 301, 304; and Ey v. Western Union Telegraph & Cable Co., 9 Cir., 298 F. 357. The Jones case says that, "Within the limits of the rule as thus announced, sickness which is merely a sequel of mental suffering or anguish cannot be differentiated from mental suffering or anguish itself. * * * If the sickness be but an aggravated form of mental suffering, it would still be but mental suffering, and therefore not a basis for damages; if some entirely distinct form of sickness should ensue, still it could not reasonably have been anticipated, and consequently could not be said to have been a proximate result of the original negligence."

See also Wilcox v. Richmond & D. R. Co., 4.Cir., 52 F. 264, and Western Union Tel. Co. v. Speight, 254 U.S. 17, 41 S.Ct. 11, 65 L.Ed. 104.

Interesting cases for the student are: Western Union Tel. Co. v. Kilgore, Tex. Civ.App., 220 S.W. 593, and Western Union Tel. Co. v. Junker, Tex.Civ.App., 153 S.W.2d 210, Texas cases. Also, Hart v. Western Union Tel. Co., 53 Tex. 275, 115 S.W. 638; Missouri Pac. R. Co. v. Stroud, 267 U.S. 404, 45 S.Ct. 243, 69 L.Ed. 683; Western Union Tel. Co. v. Foster, 247 U.S. 105, 38 S.Ct. 438, 62 L. Ed. 1006; Postal Telegraph-Cable Co. v. Eubanks, 121 Miss. 530, 83 So. 678, and Price v. Western Union Tel. Co., 156 Fla. 406, 23 So.2d 491.

■ In the instant case the mere opening of the envelope containing the

telegram would have shown, and did show, that there was no death message, nor any reason for any sort of anguish.

I think the motion for summary judgment should be sustained.