James P. **CROWLEY** et al., Libelants,

v.

S.S. **ARCADIA** et al., Respondents.

No. 62–1620–JWC.

United States District Court
S. D. California,
Central Division.

Nov. 16, 1964.

Newell & Chester, Los Angeles, and Louis R. Eglash, Beverly Hills, Cal., for libelants.

Graham, James & Rolph, Long Beach, Cal., for respondents.

CURTIS, District Judge.

This is an action for breach of contract consisting of an undertaking on the part of respondent Peninsular and Oriental Steam Navigation Co. to carry the libelants as first class passengers upon the SS ARCADIA. It appears from the evidence that the respondent overbooked passage on the SS ARCADIA and it was because of this fact that it was unable to fulfill its undertaking in this respect. The overbooking, though intentional, was a customary practice of respondent in which it indulged to offset the cancellation of passage normally experienced. Because of reasons over which respondent had no control, and which could not have been reasonably anticipated by the respondent, the usual cancellations anticipated on the trip in question did not occur so that respondent simply did not have sufficient space on the ship to accommodate all the passengers to whom it had sold passage.

The court finds that the respondent acted without malice or wrongful intent and that libelants' claims for punitive damages are therefore disallowed.

Libelants are entitled to general damages consisting of all monetary loss reasonably foreseeable under the circumstances including, but not limited to, out-of-pocket expense incurred by each of the libelants and proximately caused by the respondent's failure. It appears, however, that the respondent has either paid or tendered to each of the libelants all such general damages as have been

proved, but some libelants have refused such tender. And upon the assumption that respondent will again tender to each of the libelants, who have heretofore refused such a tender, such damages as have been heretofore tendered to them, the court finds that no further damage has been suffered by libelants.

Libelants' contention that they are entitled to damages for mental suffering, in this action for breach of contract, is contrary to the great weight of authority. Southern Express Co. v. Byers, 240 U.S. 612, 36 S.Ct. 410, 60 L.Ed. 825 (1916); Chesapeake & Potomac Tel. Co. v. Clay, 90 U.S.App.D.C. 206, 194 F.2d 888 (D.C. Cir. 1952); Davis v. Grantham, 295 F. 132 (5th Cir. 1924); Jones v. Western Union Telegraph Co., 233 F. 301 (S.D. Calif. 1916).

Judgment shall therefore be for the respondent and each party shall pay its own costs.